## J. McMurry, *et al.*, v. R. E. Fletcher.

CONTRACT, *Construed; Condition Precedent.* In an action brought by the payee against the makers upon the following written contract, viz.:

"$500.—HUTCHINSON, KAS., Feb. 5, 1878.—Thirty days after the execution and delivery to us by R. E. Fletcher of a good and sufficient deed of warranty of the following-described real estate, situate in Reno county, Kansas, to wit, the N. E. qr. of sec. 10, in township twenty-three (23), range five (5), west, we promise to pay said R. E. Fletcher five hundred dollars.—J. McMurry, C. McMurry, A. McMurry."

*Held,* That the delivery or tender of a good and sufficient deed of warranty of the real estate to the makers, is a condition precedent to any right of recovery; and further, *held,* that the tender of a deed running to J. & C. McMurry & Co. as grantees, is not a compliance with the contract.

### *Error from Reno District Court.*

AT the adjourned November Term, 1879, of the district court, *Fletcher* had judgment for $545.20 against *McMurry* and two others, who bring the case here. The opinion states the facts.

*Houk & Brown,* for plaintiffs in error.

*McKinstry & Scheble,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On January 6, 1879, defendant in error, (plaintiff below,) filed his petition in the district court of Reno county, to recover of plaintiffs in error, (defendants below,) $500 and interest on the following contract in writing:

"$500.      HUTCHINSON, KANSAS, February 5th, 1878.

"Thirty days after the execution and delivery to us by R. E. Fletcher of a good and sufficient deed of warranty, of the following-described real estate, situated in Reno county, Kansas, to wit: Northeast quarter of section (10) ten, in township twenty-three (23), range five (5) west, we promise to pay said R. E. Fletcher five hundred dollars.

"J. McMURRY.
"C. McMURRY.
• "A. McMURRY."

Plaintiffs in error in their answer denied the delivery or tender of the deed mentioned in the written contract, referred to a prior written contract hereafter set forth, and alleged that the defendant in error, by his own act and negligence, had discharged them from all liability. To this, a reply in the nature of a general denial was filed. On the trial, Fletcher testified, that on September 23d, 1878, he tendered to J. McMurry, who declined to receive it, a deed, of which the following is a copy:

"This indenture, made this 23d day of September, 1878, between Robert E. Fletcher and Ellen Fletcher, his wife, in Reno county, of the state of Kansas of the first part, and J. & C. McMurry & Co., of Reno county, in the state of Kansas of the second part, witnssseth, that the said parties of the first part, in consideration of the sum of two thousand dollars, the receipt of which is hereby acknowledged, do by these presents grant, bargain, sell, and convey unto the said parties of the second part, their heirs and assigns, all the following-described real estate, situated in the county of Reno, in the state of Kansas, to wit: The northeast quarter (N. E. ¼) of

section number ten (10), in township number twenty-three (23), south, of range number five (5) west, containing one hundred and sixty (160) acres, more or less, according to the United States survey thereof: to have and to hold the same, together with all and singular the tenements and hereditaments and appurtenances thereunto belonging, or in anywise appertaining, forever. And the said Robert E. Fletcher, for himself and his heirs, executors and administrators, does hereby covenant and promise and agree to and with the said parties of the second part, that at the delivery of these presents he is lawfully seized in his own right of an absolute and indefeasible estate of inheritance herein, in fee simple, of, and in all and singular, the above-granted and described premises, with the appurtenances; that the same are free, clear, discharged, and unincumbered of and from all former and other grants, titles, charges, estates, judgments, taxes, assessments and incumbrances of what nature or kind soever; and that he will warrant and forever defend the same unto said parties of the second part, their heirs and all and every person or persons whomsoever lawfully claiming, or to claim the same.

"In witness whereof, the said parties of the first part have hereunto set their hands, the day and year first above written.

"ROBERT E. FLETCHER.

"ELLEN FLETCHER."

"STATE OF KANSAS, RENO COUNTY, ss.

"Be it remembered, that on this 23d day of September, 1878, before me, the undersigned, a notary public in and for the county and state aforesaid, came Robert Fletcher and Ellen Fletcher, his wife, who are personally known to me to be the same persons who excuted the within instrument of writing, and such persons duly acknowledged the same.

"In testimony whereof, I have hereunto set my hand and affixed my notarial seal, the day and year last above written.

(Seal.)                    JOHN BROWN, *Notary Public.*"

No proof was offered of any other tender, or the attempted delivery of any other deed. After the defendant in error rested, the plaintiffs in error filed a demurrer to the evidence, on the ground that it was insufficient to maintain the action. This was overruled by the court. After the evidence was closed, the plaintiffs in error asked the court to instruct the jury: "That a deed executed to J. & C. McMurry & Co.,

under a contract with J. McMurry, C. McMurry and A. McMurry, would not be a compliance with the contract, and that a tender of such a deed to J. & C. McMurry & Co. would not be (in) compliance with (the contract) with J. McMurry, C. McMurry and A. McMurry, and they would be under no obligation to receive such a deed under a contract with the individual members of the firm." The court refused the instruction, and directed the jury "that, so far as the tender of the deed was concerned, the tender of the deed to J. & C. McMurry & Co. was a compliance with the contract."

The court erred in overruling the demurrer to the evidence, and in its direction to the jury. The petition was based solely upon the written contract of February 5th, 1878. As a precedent condition to the payment of the money therein named, Fletcher was to deliver to J. McMurry, C. McMurry and A. McMurry a good and sufficient deed of warranty to the N.E. $\frac{1}{4}$ of section 10, township 23, and range 5. A deed to J. & C. McMurry & Co. would not be in compliance with the written contract for four reasons, at least: First, it nowhere appears in the deed that A. McMurry is one of the grantees; second, the contract does not show that any partnership existed as J. & C. McMurry & Co.; third, a conveyance to J. & C. McMurry & Co. only conveyed the legal estate to J. & C. McMurry, clothed with a trust for the company, if a partnership existed and the real estate was purchased with partnership funds; fourth, the contract calls for a deed to J. McMurry, C. McMurry and A. McMurry, as the grantees. The rule is, that conveyances of real estate for the use and benefit of a partnership should run to the individual partners jointly as tenants in common. The principle applicable to conveyances of real estate to members of a partnership, is stated in *Moreau v. Saffarans*, 3 Sneed, 595, and in 1 Washburn on Real Property (3d ed.), pp. 573 and 574.

Counsel for defendant in error attempt to support the rulings of the trial court upon the following contract:

"Memoranda of agreement made and entered into at
37 — 24 KAS.

Hutchinson, Kansas, by and between J. & C. McMurry & Co. of the first parties, and R. E. Fletcher, second party, all of Hutchinson, Kansas, witnesseth: That first parties, in consideration of presents hereinafter mentioned, have this day executed and delivered to second party, his heirs and assigns forever, a good and sufficient warranty deed for and to lots 8 and 10, Sherman street, east, in the city of Hutchinson, Kansas, and delivered possession thereof; first parties further sell and deliver the following personal property, to wit: six head of horses and three buggies, three sets of harness, two saddles, two bridles, two blankets, three robes, one stove — all of said real and personal property being of the value of twenty-five hundred and fifty dollars. And first parties warrantee and guarantee the same and every part thereof, free and clear of all incumbrances of any kind or nature whatsoever. Second party agrees to pay first parties the sum of twenty-two hundred and fifty dollars, as follows: one hundred and fifty-three and 55-100 dollars cash in hand, the receipt whereof is hereby acknowledged by first parties, and ninety-six and 45-100 dollars to be paid on or before March 25, 1877, with interest thereon at the rate of 10 per cent. per annum according to second party's certain promissory note of even date herewith; and second party agrees to execute and deliver to first parties, or their assigns, a good and sufficient warranty deed, and conveying the N. E. $\frac{1}{4}$ of section 10, in township 23, south, of range 5, west, containing 160 acres, more or less, and situated in Reno county, Kansas. Second party further sells all growing crops on said tract, said tract of land and crops thereon being of the value of $2,000; said deed to be given on or before November 1st, 1877. Should second party fail to convey said tract of land as herein agreed or within a reasonable time thereafter, first parties shall be entitled to recover the sum of $2,000 in lieu of said conveyance of said tract of land.

Witness our hands, at Hutchinson, this 5th day of February, 1877.

J. McMURRY.
C. McMURRY.
R. E. FLETCHER.

It is further agreed, that I will lend J. & C. McMurry, if requested, on the first day of May, 1877, the sum of five hundred dollars, from said date until foregoing deed is executed and delivered, at the rate of 10 per cent. per annum until paid. Said sum is to be repaid before second party

shall be required to execute said deed for N. E. ¼ 10–23–5, W., Reno Co., Kas.                     R. E. FLETCHER.

Hutchinson, Kas., Feb. 5, 1877.

We hereby guarantee the performance of the foregoing contract on the part of R. E. Fletcher, second party thereto.

JAS. SEBRING.
BROWN & BIGGER.
E. WILCOX.

This contract was mentioned in the answer to the petition, and also offered in evidence. We may therefore consider its contents in determining the alleged errors. As the contract does not show A. McMurry a partner with J. & C. McMurry & Co., and as there is no allegation in the pleadings that he was a partner, or otherwise interested in the contract of February 5th, 1877, such contract does not uphold the rulings complained of. Further than this, if the contract of February 5th, 1878, was a supplemental contract to the contract of February 5th, 1877, between the same parties and to modify its terms, the original contract is modified accordingly. In the absence of the contract of February 5th, 1878, as the original contract recites that the deed should be made to J. & C. McMurry & Co., we suppose Fletcher would have fully performed the conditions of the contract upon this point by delivering or tendering a deed running to said J. & C. McMurry & Co. After the contract of February 5th, 1878, (if such contract was intended to supplement the original contract,) the time for executing the deed was changed from November 1st, 1877, or a reasonable time thereafter, to a reasonable time after February 5th, 1878; instead of the $500 loaned by Fletcher, drawing interest at the rate of ten per cent. per annum, the parties were to have the use of said $500 from February 5th, 1878, until thirty days after the delivery of the deed without interest, and the deed was to run to J. McMurry, C. McMurry and A. McMurry, in place of J. & C. McMurry & Co. Had the defendant in error made a deed to the individuals last named, then set forth in his petition the original contract, and its changes and modifications by the supplemental contract, and alleged that the J.

McMurry, C. McMurry and A. McMurry composed the firm of J. & C. McMurry & Co. at the date of the original contract, and further stated a tender of said deed to said individuals, he might, we think, have recovered, if the testimony had supported the allegations.   We suppose it is not too late yet for such a petition to be filed, unless something has intervened by the action of the parties since the commencement of this suit to bar the recovery of the $500.

The judgment of the district court will be reversed, and the case remanded for further proceedings in conformity with the views herein expressed.

All the Justices concurring.