THE CHICAGO LUMBER CO. v. EDMUND ASHWORTH, *et al.*

MORTGAGE TO PARTNERS, *in Firm-Name; Practice.* G. & W. were partners doing business in this state under the name and style of "The Chicago Lumber Company." A. executed to the Chicago Lumber Co. a promissory note, and also executed to said company a mortgage upon real estate to secure the note. *Held,* That the absence of the names of the individual members of the partnership from the mortgage did not invalidate it; and *held,* also, that in an action upon the note and to foreclose the mortgage, G. & W. were authorized, upon proper allegations in the petition, to show that they were partners carrying on business under the name and style of the Chicago Lumber Co., and the holders and owners of the note and mortgage; and *held,* further, the court was authorized upon default in the payment of the note, to foreclose and sell the mortgaged premises.

### *Error from Harvey District Court.*

ACTION upon a note and a mortgage, brought by two partners under their firm-name, *The Chicago Lumber Company,* against *Edmund Ashworth* and wife. Trial and judgment for the defendants at the March Term, 1881, of the district court. The plaintiff brings the case here. The opinion states the facts.

*Bowman & Bucher,* and *W. M. Shaver,* for plaintiff in error.

*J. W. Ady,* for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: On January 27, 1881, plaintiff in error filed its petition in the district court of Harvey county, to recover of defendants in error $572.20, and interest, on a promissory note, a copy of which is as follows:

"$572.20.        NEWTON, KANSAS, January 20th, 1880.

"One year after date, I promise to pay to the order of Chicago Lumber Co. five hundred and seventy-two $\frac{20}{100}$ dollars, payable at Newton, Kansas, with interest at the rate of 10 per cent. per annum from date until paid. Value received.

"EDMUND ASHWORTH."

And also to foreclose a mortgage upon certain real estate situate in the city of Newton, given by Edmund Ashworth,

one of the defendants, to secure the note. Plaintiff's petition is in the ordinary form, stating that M. T. Green and Fox Winnie are partners, doing business under the firm-name of "The Chicago Lumber Co." The defendants, although personally served, did not answer or demur to the petition, and were therefore in default when the case was called for trial. To the demand for a decree foreclosing the mortgage the defendants objected, on the ground that, as the note and mortgage were executed to "The Chicago Lumber Co.," the petition was fatally defective, and did not authorize the entry of a decree of foreclosure. The court sustained the objection, and held the mortgage absolutely void. The only question, therefore, presented for our consideration is, whether the ruling of the court upon this point was correct. Is the mortgage void? "The Chicago Lumber Co." was the name and style under which Green and Winnie carried on their business. The note was taken payable to the Chicago Lumber Co. Neither a note, nor a bill of exchange payable to a fictitious payee, is void. In the case of *Gibson v. Minet*, 1 H. Bl. 569, 614, a majority of the judges held that a bill of exchange thus payable, and purporting to be indorsed by the payee, would be construed as a bill payable to bearer. The chief judge held, however, such a bill payable to order. No one questioned the validity of the bill. In this case, the court below rendered judgment upon the note for the full amount claimed, and therefore held the note valid for all purposes. Now a mortgage is a mere security, and although in the form of a conditional conveyance creating a lien upon property, vests no title and gives no right of possession whatever. The note, therefore, is the evidence of the debt, and the mortgage is merely ancillary thereto. The mortgage follows the note. Whoever owns the note, owns the mortgage. When the note is paid, the mortgage is paid. When the action on the note is barred by the statute of limitations, the action on the mortgage is also barred. The note may be transferred from one person to another by assignment, or by indorsement, or by a mere delivery, and whoever holds the note takes the mortgage. Within

the meaning of our tax law, notes and mortgages are goods and chattels, which may be levied upon and sold by a sheriff holding a tax warrant, if the sheriff can get possession of them. (*Blain v. Irby*, 25 Kas. 499.) Therefore we think that, as the note is valid, the mortgage which follows the note, and was executed to the payee of the note, if complete in all other respects, is likewise valid. Certainly in an equitable action, brought to enforce the security for the debt, partners may show that the note taken by them, under the name in which they carried on their partnership, is the property of the partners composing the firm, and that a mortgage given to the same payee is likewise the property of the firm, and that the real estate therein named is subject to the payment of the debt evidenced by the note.

Counsel for defendants says that there was no grantee in the mortgage, and treats the mortgage as if the Chicago Lumber Co. represents nothing, and is a mere fiction. He refers particularly to *Tidd v. Rines*, 10 C. L. J. 102, and to *McMurry v. Fletcher*, 24 Kas. 574. In the former case the court decided that the legal title to real property can only be held by a person or a corporate entity, and that a partnership is not recognized in law as a person. It was conceded by the court, however, that the title in that case was held by the grantor in trust for the benefit and sole use of the firm. In the latter case, this court held the rule to be, that conveyances of real estate for the use and benefit of a partnership should run to the individual partners jointly as tenants-in-common; yet, we also stated that if the deed had been executed in the firm-name and no subsequent contract had been made, such deed would be sufficient; the rule being, that if the title is taken in the name of one partner, or in the name of the partnership, such conveyance is held in equity as a trust for all the partners, and if the real estate is in fact partnership property, it matters not that the legal title is in one or in all the parties, or in a third person. Equity will regard it as held in trust for the partnership, and the trust can be enforced by the interested parties, whether partners or creditors. Here the grantee

was the name of the firm under which Green and Winnie transacted their business as partners.    It was the firm-name, and represented the partnership.    Ashworth was cognizant of the name and style under which the partners transacted their business, and executed the mortgage to the Chicago Lumber Co. for the benefit of the partners composing the partnership, transacting business in that name.    The mortgage was therefore taken in the name of the partnership; hence there was an actual grantee in the mortgage, although such grantee was merely the name and style of the partnership. This case bears no resemblance to *Ayres v. Probasco,* 14 Kas. 175, for in that case the mortgage was in blank as to the land itself, the amount loaned, the rate of interest, date of the note, and day of payment, as well as to the name of the mortgagee, when signed by Ayres and wife.    The land afterward inserted in the mortgage was the homestead of the parties signing the blank mortgage.

The judgment of the district court will be reversed, and the case remanded with directions that judgment be entered decreeing a foreclosure and sale of the real estate described in the mortgage.

All the Justices concurring.