## J. & C. McMURRY v. R. E. FLETCHER, *et al.*

1. DEED TO PARTNERS *Under Firm-Name.* Where a written contract provides that a deed of conveyance shall be executed to certain parties composing a partnership in their partnership name, *held,* that a deed executed and tendered to such parties in their partnership name is sufficient, and especially so where the grantor informed the parties at the time he tendered the deed that if the deed was insufficient for any reason he would change it in any way that the parties desired, and the parties at the time made no objection to the form of the deed.

2. DEED, *Tendered within Reasonable Time.* Where a written contract provides that a deed shall be executed on or before November 1, 1877, or within a reasonable time thereafter, and it appears that at the time the contract was made no patent for the land had yet been issued by the United States, and that the grantees did not wish to have the deed executed or to receive the same until the patent should be issued, and the contract was drawn in the above form for that reason, and afterward the parties agreed by parol to extend the time for executing the deed until the patent should be issued, and afterward and in September, 1878, the patent was issued to the grantor, and immediately thereafter and on September 23, 1878, the grantor executed and tendered to the grantee a deed for the land, *held,* that under the circumstances the deed was executed and tendered within a reasonable time after November 1, 1877, and the grantor sufficiently complied with his contract; and *further held,* that as the facts and circumstances in this case were disputed, that the question whether the deed was executed and tendered within a reasonable time was one of fact for the jury to determine; and *further held,* that where the evidence is conflicting, and the jury find in favor of one party and against the other, it will be presumed that the evidence of the party in whose favor the jury found is true.

### *Error from Reno District Court.*

FEBRUARY 14, 1880, defendants *Fletcher* and others recovered a judgment against plaintiffs *J. & C. McMurry,* who bring the case here. The nature of the action, and the facts, appear in the opinion.

*Houk & Brown,* for plaintiffs in error:

The court erred in receiving in evidence the pretended deed to J. & C. McMurry & Co., for the following reasons: First, that under no circumstances should a deed be made to a part-

22—28 KAS.

nership, even in case a contract be made with a partnership under its firm-name, and hence a tender of such a deed was not a compliance with even the original contract. Such a deed must always leave a cloud upon the title — leave unnamed and unknown parties seemingly having an interest in the real estate; and even a deed from J. McMurry and C. McMurry and their wives, would still leave an uncertainty whether all parties having an interest in the property had joined in a conveyance thereof. In *McMurry v. Fletcher*, 24 Kas. 574, the court virtually hold the general rule to be that "conveyances to a partnership should be made to the several partners as tenants in common." (*Tidd v. Rines*, [Minn. Sup. Ct.,] 9 Cent. L. J. 338 ; 3 Sneed, 595; 1 Washb. Real Pr. 573, 574.)

Second: But in this case, as it stands, the said deed could under no circumstances be received in evidence. A contract for a deed to be made November 1st, 1877, would not be complied with by a tender of a deed September 25th, 1878, nearly eleven months thereafter; and if there was an extension, as this court has already decided in the case cited, *supra,* that extension was granted in the contract appended to defendant's answer. The evidence conclusively shows that whatever extension was granted was made at the time this contract was entered into. The execution of this contract is admitted in the pleadings. Fletcher, in his evidence, claims that in order to get this $500 without interest, the extension was granted by the McMurrys, and claimed that the contract granted the extension. The McMurrys all deny that they granted the extension. But taking the case even as Fletcher claimed, the extension was granted in this written contract, or in a parol contemporaneous agreement, which is evidenced by it, and this contract provides, "the execution and delivery to us," and is signed J. McMurry, C. McMurry, and A. McMurry — no deed to A. McMurry being made, it being in fact admitted in the pleadings that A. McMurry was a new party, who then for the first time appeared in the transaction. The court will notice that J. McMurry and C. McMurry were partners as

J. & C. McMurry & Co., as alleged in our petition, and not denied under oath in defendant's answer. Hence, A. McMurry was not included in the original contract, but is in the last one, and by the memorandum, or new contract, is to have an interest in the land together with J. & C. If the court take this view of the matter, following the decision in 24 Kas., then the deed was improperly admitted in evidence, and for this reason the case must be reversed.

The above arguments are also referred to as showing the verdict unsustained by evidence. The plaintiffs also show by their evidence that they tendered back the possession of the land to Fletcher, and that he accepted it. If he accepted the land, as he certainly did according to the evidence, then he was bound to pay the $2,000, the amount due to the McMurrys on sale of the stable, and the verdict in favor of the defendants was totally unsupported by the testimony.

There was also error in the instructions of the court, it being evident, from the decision in McMurry v. Fletcher, that the contract with A. McMurry and J. McMurry was never complied with by Fletcher, the only deed tendered being to J. & C. McMurry & Co. The fourth instruction was clearly erroneous, for it unequivocally instructs the jury to take the extension when that note was given into consideration, when in truth and in fact Fletcher had utterly failed to comply with the terms of said extension.

The other instructions are erroneous as a whole, because the question, What was a reasonable time? was left to the jury, when it was a question of law for the court.

Wells on Questions of Law and Fact, p. 135, § 151, says: "Where the facts are admitted or clearly proved, what is a reasonable time is a question of law to be decided by the court, and a reasonable time is defined to be so much time as is necessary, under the circumstances, to do conveniently what the contract requires should be done."

In this case the time taken for performance was unreasonable, and the parties were injured thereby, as plaintiffs show they could have sold the property to advantage, but by

reason of the delay it deteriorated in value so that they could not sell.

*A. R. Scheble,* for defendants in error:

The court did not err in receiving in evidence the deed to J. & C. McMurry & Co. By the terms of the contract declared on by plaintiffs in error, and on which alone they rely for a recovery against the defendant R. E. Fletcher as principal, and the defendants James Sebring, Brown & Bigger and E. Wilcox as guarantors, Fletcher agreed to convey the real estate therein described, to J. & C. McMurry & Co., on or before November 1st, 1877, or within a reasonable time thereafter. The deed tendered to plaintiffs in error, and received in evidence, runs to J. & C. McMurry & Co. Certainly this fully meets the requirements of the contract in that respect. While it is perhaps true as a rule, that conveyances of real estate for the use and benefit of a partnership should run to the individual members jointly as tenants in common, yet a conveyance to a partnership in the partnership name conveys a legal estate. In this instance, J. McMurry and C. McMurry would take the legal estate, and if there were other members of the partnership, these two would hold as trustees for themselves and the unnamed members of the firm. (2 Wait's Action and Defenses, p. 499, citing *Beaman v. Whitney,* 20 Me. 413; *Murray v. Blackledge,* 71 N. C. 492; *McCauley v. Fulton,* 44 Cal. 355. See also 1 Washburn on Real Pr. 574.) A deed thus made in pursuance of a contract to convey to a partnership, as in this case, is a full compliance with such contract in that respect. (24 Kas. 574–579.)

The real question involved is, whether the deed tendered by Fletcher was so tendered within a reasonable time, and whether the court erred in submitting that matter to the jury. A reasonable time is defined to be "so much time as is necessary, under the circumstances, to do conveniently what the contract requires should be done."

"The time appointed for the conveyance of the legal estate

. . . 'is not of the essence of the contract; and the par-
ties, although precise days are fixed, will be allowed a reason-
able time for the performance, regard being had to all the
circumstances of the case, and the nature of the title to be
made." (2 Addison on Contracts, § 522.)

. The question of a reasonable time in this case was one of
fact for the jury, and was so properly submitted by the court,
after defining a reasonable time.

"If a question of time depends upon controverted facts,
or when the motives of the party enter into the question, it
has been said' that the whole must necessarily be submitted to
the jury." (1 Addison on Contracts, p. 467; citing *Hill v.
Hobart,* 16 Me. 164; *Green v. Digley,* 24 id. 131; *Crocker
v. Franklin Manufacturing Co.,* 3 Sumn. 530.)

It is granted that plaintiffs tendered back the possession of
the land to Fletcher, but the testimony nowhere shows that
he accepted it.

The opinion of the court was delivered by

VALENTINE, J.: This action was brought by J. McMurry
and C. McMurry, partners as J. & C. McMurry & Co.,
against R. E. Fletcher and others, to recover from the de-
fendants the sum of $2,000 on a certain contract in writing,
dated February 5, 1877, in which contract J. & C. McMurry
& Co. were the parties of the first part, and R. E. Fletcher
was the party of the second part, and which contract pro-
vided among other things as follows:

"The second party agrees to execute and deliver first parties,
or their assigns, a good and sufficient warranty deed convey-
ing the northeast quarter of section 10, in township 23, south,
of range 5, west, containing 160 acres, more or less, and
situated in Reno county, Kansas. Second party further sells
all growing crops on said tract; said tract of land and crops
thereon being of the value of two thousand dollars. Said
deed to be given on or before November 1, 1877. Should
second party fail to convey said tract of land as herein agreed,
or within a reasonable time thereafter, the first parties shall
be entitled to recover the sum of two thousand dollars, in
lieu of said conveyance of said tract of land."

This contract in writing will be found copied in full in the case of *McMurry v. Fletcher*, 24 Kas. 577, 578. The action was tried before the court and a jury, and the verdict and judgment were rendered in favor of the defendants and against the plaintiffs; and the plaintiffs now bring the case to this court.

It appears from the pleadings and evidence, that on September 23, 1878, the defendant R. E. Fletcher, with his wife, executed a warranty deed conveying the land mentioned in said contract to J. & C. McMurry & Co. This deed the plaintiffs claim was not sufficient, for two reasons: First, they claim that it was executed to the plaintiffs in their firm-name, and not to them as individuals; and second, they claim that it was not executed within the time required by the said contract.

The first reason we think is not sufficient, for at least two reasons: First, the contract provided that the deed should be executed to the plaintiffs in their firm-name, that is, to "J. & C. McMurry & Co.;" second, the defendant R. E. Fletcher testified on the trial that he tendered the deed, immediately after executing the same, to the plaintiff J. McMurry; and also testified as follows:

"I told him (J. McMurry) that if the form of the deed was insufficient, that I would change it in any way he desired; but he made no objection to the form, but claimed that the contract we had made was broken, and that they would not receive a deed."

We must take the testimony of Fletcher as true; for the verdict and judgment were in his favor, and we do not retry the facts. When the case of *McMurry v. Fletcher*, reported in 24 Kas. 574, was here, it was then thought by this court that said deed was a full compliance with the above-mentioned contract made between the parties on February 5, 1877. The court at that time used the following language:

"In the absence of the contract of February 5, 1878, as the original contract (the one of February 5, 1877) recites that the deed should be made to J. & C. McMurry & Co., we suppose Fletcher would have fully performed the conditions of the contract upon this point, by delivering or tendering a deed running to said J. & C. McMurry & Co."

The action in this case is wholly and exclusively upon the original contract executed February 5, 1877.

The second reason urged by the plaintiffs for claiming that said deed was insufficient, is, that it was not executed or tendered to them within the time prescribed by their original contract. We think that this reason is not sound, for various reasons. The plaintiffs had the possession of the land, and were receiving all the benefits therefrom, and of course were losing but little, if anything, by the delay. Besides, the contract did not require that the deed should be executed before November 1, 1877, and not even then. All that the contract required was, that the deed should be executed "within a reasonable time thereafter"—that is, after November 1, 1877; and it was, in fact, executed and tendered to the plaintiffs within less than eleven months thereafter. In real-estate transactions time is seldom material. It is seldom of the essence of the contract; and according to the testimony of R. E. Fletcher, which we must take as true, it was certainly not material nor of the essence of the contract in this case. Fletcher testified that at the time the contract was entered into between the parties, he, Fletcher, had no patent for the land, but that he was expecting one to be issued to him soon, and that for that reason the contract was drawn up in the form in which it was drawn; that the McMurrys did not wish to have a deed executed or to receive the same until the United States patent had been issued to Fletcher; that on February 5, 1878, when the second contract was entered into, the McMurrys extended the time within which the deed should be executed, which was to be soon after the time when the patent should be issued; and that immediately after the patent was issued, which was in September, 1878, he, Fletcher, executed the deed and tendered it to the plaintiffs, as aforesaid.

Under all these circumstances, we certainly think that the deed was tendered within a reasonable time after November 1, 1877. The testimony of Fletcher, however, was disputed by the testimony of some of the other witnesses, but as the find-

ing of the jury and the judgment of the court below were in favor of the defendant and against the plaintiffs, we must now decide the case upon the theory that the testimony of the defendant Fletcher was and is true. We do not weigh the relative merits or truthfulness of the conflicting testimony presented to the jury.

The plaintiffs claim that the court below erred in some of its instructions. The instructions read as follows:

"1. If a deed was not made to the land, or tendered within a reasonable time, then plaintiffs had the right to rescind the contract so far as the land was concerned, and the two thousand dollars then became due.

"2. What is a reasonable time, is a question of fact for you to determine, and in doing so you should take into consideration all of the circumstances in the case — the kind of property, the nature of the transaction, and in fact all of the circumstances, because what might be a reasonable time in one case would not be in another; and what is meant by reasonable time is such a time as would necessarily be necessary, and as would be thought necessary in contracts similar to the one in the case. It does not mean the longest or shortest time that would possibly be necessary if a man by reason of accident, misfortune or carelessness should require a long time. If such accident, misfortune or carelessness were unusual in transactions of a like nature, then such time would be unreasonable. So if a man by reason of sufficient skill or luck should require a much shorter time than would be usual in such transactions, this would be an unreasonable time — that is, it would not be sufficient to enable the average person to fulfill the contract. A reasonable time, then, is such time as would ordinarily and generally be sufficient.

"3. At the time of the tender of the deed by Fletcher to McMurry, if a reasonable time had passed, then McMurry was not bound to accept it, but might then sue for the recovery of the two thousand dollars in money; but if the tender of said deed was within a reasonable time, then the McMurrys were bound to accept it, and cannot recover in this action.

"4. If there was any extension of time by the parties when the note was given for $500, then such extension of time must be considered. If there was no extension, and if you further find that defendant Fletcher did not tender a deed on or before November, 1877, (the time specified in the original

contract,) the plaintiffs could refuse to take a deed afterward, and make a tender of the land back to Fletcher, and could bring the action and recover the two thousand dollars, with interest at seven per cent. from the date."

It is claimed that these instructions are erroneous, because the court below instructed the jury that a reasonable time in this case was one of fact for the jury to determine. We think this instruction is correct. Where the facts upon which the reasonable time is founded are all admitted, or clearly and conclusively proved, such reasonable time is generally a question of law; but where the facts are disputed, then such reasonable time becomes a question of fact. In this case we think it was a question of fact, and taking the evidence of Fletcher as true, we think this fact was determined correctly by the jury. There was evidence tending to show that the plaintiffs offered to redeliver the possession of the land to Fletcher; but there was no evidence introduced showing that he accepted or took such possession of the land, and evidently he did not. The authorities referred to, will be found in counsel's briefs. We perceive no error in the rulings of the court below, and therefore its judgment will be affirmed.

All the Justices concurring.