JOHN CRABTREE *et al.*

*v.*

CALVIN W. LEVINGS.

1. CONTRACT—*assuming a debt by a third person.* Where a party who owes a debt secured by mortgage enters into a contract with another by which the latter is to assume the debt, and he in turn makes a contract with the mortgagee by which the mortgage is to be transferred to him upon the performance of certain conditions, so long as the mortgagee remains bound by this agreement he can not foreclose the mortgage against the original debtor.

2. And although the mortgagor was not a party to the contract between the mortgagee and such third person who assumed the debt, so as to enable him to maintain an action at law upon it, yet, in equity, he was not a stranger to that agreement. He having furnished the consideration for making. it, and it having been made for his benefit, he has the right in a court of chancery to invoke its protection and prevent a foreclosure so long as the contract remains in force.

3. CONTRACT *to convey by warranty deed—what is a compliance therewith.* Where a party agrees to convey to another, by warranty deed, a tract of land, the legal title to which is in a third person, under a just interpretation of the contract the procuring of the conveyance of the land by such third person with his warranty will not answer its requirement; the party who was to receive the deed is entitled to have the personal covenants of him who agreed to convey, as a further security for his title.

4. CONTRACT—*time of its performance.* Where the holder of a mortgage, by the procurement of the mortgagor, entered into an agreement with a third person, by which the mortgagee was to transfer the mortgage to the latter, and also was to convey a tract of land to him, and such third person on his part was to convey certain lands to the mortgagee, the agreement to be mutually performed within a specified time, and was partially performed

on both sides, the mere fact that there was not a complete performance within the time would not prevent either party from insisting on the specific execution of the agreement. It being mutual and dependent, and to be simultaneously performed, and both parties being equally in default as to time, neither could hold himself discharged from the obligation of a complete performance, until he had tendered performance on his part, and demanded it on the other.

5. So where the party who was to convey certain lands by deed with warranty, to the mortgagee, tendered a deed with warranty from another person, who held the legal title, such deed being refused by the mortgagee, although the deed thus tendered was not such as the agreement required, yet, until the mortgagee offered to perform on his part, and demanded a proper deed, and it was refused, he would, under the circumstances, remain bound by the contract, and would have no right to foreclose his mortgage.

6. PRACTICE IN CHANCERY—*hearing a cause on original bill, alone, after cross-bill filed.* Where a cross-bill has been filed, and a demurrer thereto, and the latter might be properly sustained because the cross-bill fails to present upon its face sufficient grounds for affirmative relief, it is not error for the court to proceed to a hearing of the original cause without regarding the cross-bill or disposing of the demurrer thereto.

APPEAL from the Circuit Court of Edgar county ; the Hon. JAMES STEELE, Judge, presiding.

The opinion states the case.

Mr. JOHN W. BLACKBURN, for the appellants.

Mr. JAMES A. EADS, for the appellee.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court :

This record, as it now comes before us, discloses the following facts :   John Crabtree being indebted by a note secured by mortgage, to George Arbuckle, agreed with James Crabtree that the latter should assume the payment of the debt in consideration of the sale to him by John of certain lands in Iowa. James thereupon entered into a written agreement with Arbuckle, bearing date June 9, 1868, mutually executed by the parties, and reciting that Arbuckle was to transfer the

mortgage to James Crabtree, and also to convey to him certain land, and Crabtree was to convey to Arbuckle, by deed of warranty, ninety acres of land, described in the contract as then owned by William Dresbach and occupied by him, also a town lot and three acres of land with a house. Crabtree was to give possession of the ninety acres subject to the growing crop, and of the other property by the first of October. Soon after the execution of the agreement, Arbuckle conveyed to Crabtree the land to be conveyed by him, and received from Crabtree a conveyance of the town lot and the three acres, and about the first day of July, as stated in the record, tendered to Arbuckle a deed duly executed by Dresbach to him for the ninety acres, and on the first of October offered him possession. Arbuckle refused to accept the deed or to surrender the note and mortgage to James Crabtree, and subsequently assigned the latter to Levings, one of the appellees herein, who filed a bill against John Crabtree to foreclose. The latter answered, setting up the foregoing facts, and alleging that the note and mortgage had been assigned by Arbuckle to complainant without consideration, and merely for the purposes of this suit. He also filed a cross-bill, making Arbuckle and James Crabtree co-defendants with Levings, again alleging the foregoing facts, tendering a deed from Dresbach, averring the title of the latter to be perfect, and praying that Arbuckle be decreed to execute his agreement made with James Crabtree, and that the note and mortgage be surrendered for cancellation. Levings demurred to the cross-bill, and moved that his own case be set down for hearing on bill and answer. The appellant moved a stay of proceedings until Arbuckle and James Crabtree could be brought into court and the cross-bill answered. The court allowed complainant's motion and overruled that of defendant, and on the hearing decreed a foreclosure and sale, from which decree the defendant appealed. No disposition was made of the demurrer to the cross-bill.

As the case was heard on the original bill and answer, without a replication, the answer was to be taken as true, and we

are of opinion that, independently of the question argued by counsel whether the hearing should not have been stayed until the cross-cause could also have been heard, the court erred in decreeing a sale and foreclosure upon the original bill and answer. By the allegations in the answer, the complainant had no equities superior to those of Arbuckle, and on the facts set up in the answer, Arbuckle, as a complainant, would clearly have had no right to this decree. For a valuable consideration John Crabtree had contracted with James that the latter should pay the mortgage, and in pursuance of this arrangement, James in turn had entered into a contract with Arbuckle which had been partially executed on both sides, and a complete execution of which would have amounted to a payment of the mortgage. When assigned to James Crabtree he would have received and held the mortgage as a trustee for John Crabtree under the contract between them. So long, then, as Arbuckle remains bound by this contract, he can not be permitted to come into court, and, in violation of his own agreement, enforce the mortgage against John Crabtree. It is urged by counsel that John Crabtree was not a party to this agreement, and can not claim its benefits. Conceding that he could not bring an action at law upon it, yet a court of equity looks to the substance of a transaction and not to its form. He was not, in equity, a stranger to this agreement. He had furnished to James Crabtree a consideration for making it, and so far as it related to the mortgage it was made for his benefit. Under these circumstances he has certainly a right, in a court of chancery, to invoke its protection and insist that, while that contract remains in force, neither Arbuckle, nor the complainant, standing in Arbuckle's shoes, can come into court and obtain a decree wholly inconsistent with the spirit and purpose of the contract, and most injurious to John Crabtree, for whose benefit this portion of the agreement was made.

It is urged by counsel for appellee, that the deed for the ninety acres of land tendered by James Crabtree to Arbuckle,

and filed as an exhibit with the answer, was a deed from Dresbach to Arbuckle, and although the contract between Arbuckle and James Crabtree described the land as owned by Dresbach, yet it provided that a deed of warranty should be made by James Crabtree to Arbuckle. It is claimed that, by the contract, Arbuckle was entitled to the personal covenants of James Crabtree as a future security for his title, and that the latter should have procured a conveyance from Dresbach to himself, and tendered that with his own deed of warranty to Arbuckle, or should have united in the conveyance from Dresbach to Arbuckle with proper covenants. This is a just interpretation of the contract, and it therefore appears by the answer itself, of which the exhibit is a part, that James Crabtree has not, in fact, tendered a complete performance of his part of the agreement, although the answer, in general terms, alleges performance. But even this view does not justify the decree. The respective agreements of Crabtree and Arbuckle were not only mutual and dependent, and to be simultaneously performed, but they had been in fact partially performed on both sides. Under these circumstances, the mere fact that the ten days have expired, within which the agreement was to be mutually performed, would not prevent either party from insisting on its specific execution. So far as the question of time is concerned, both parties are equally in default, and neither can hold himself discharged from the obligation of complete performance until he has tendered performance on his own side, and demanded it on the other. Admitting, then, that the tender of performance on the part of Crabtree was not as complete as it should have been, still, Arbuckle is bound by the agreement, and must hold the mortgage subject to its terms until he has offered to complete the execution of the agreement, and Crabtree has refused. Until this is done, he can not ask the aid of the court in making a disposition of the mortgage inconsistent with the spirit and object of the contract.

As the cross-bill, like the answer, shows there has not been a complete tender of performance by James Crabtree, the

demurrer to that bill might have been properly sustained, and the court did not err in proceeding to hear the original cause without regarding it.   It showed upon its face a state of facts which would not entitle John Crabtree, the complainant in that bill, to affirmative relief.   But for the reasons already given, the court erred in decreeing a foreclosure on the original bill and answer.   The record shows a contract which took from Arbuckle the equitable right of foreclosure, and does not show that he is no longer bound by the obligations of that contract. The court should have dismissed the bill without prejudice, instead of decreeing a foreclosure.   The decree will be reversed and the case remanded, with leave to the complainant to file a replication to the answer, and to both parties to take proof. This leave is given because, if the material allegations of the answer are not in fact true, or if complainant can show a tender of performance on his part, and a refusal by James Crabtree, he ought not to be required to file another bill.

*Decree reversed.*