## FARM LAND MORTGAGE CO. *et al.* v. WILDE.

No. 2776.    Opinion Filed October 14, 1913.

Rehearing Denied December 9, 1913.

(136 Pac. 1078.)

1.   **VENDOR AND PURCHASER**—Performance of Contract—Warranty Deed. Where a copartnership contracts to convey to another by its warranty deed a certain tract of land the title to which at the time is vested in some third party, the procuring of the conveyance of the land by such third party with his warranty will not answer the requirements. The party who is to receive the deed is entitled to have the warranty of him who agreed to convey as a further security of title.

2.   **SAME**—Contracts—Binding Effect of Provision. The courts generally hold that parties have the right to make any contract which is not unlawful nor against public policy. They have the right to provide for an arbitrator whose decisions, in the absence of fraud, shall be final. They have the right, in making a contract for the sale of land, to make an attorney or any one else exclusive and final judge as to whether or not the title is defective. In such case, the courts are inclined to leave the parties to abide by the contract as they have made it, and not to make a different one.

3.    SAME—Recovery of Purchase Money—Direction of Verdict. Where a copartnership contracts to convey real estate by its warranty, such title to be pronounced perfect by an attorney selected by the party who is to receive the deed, and further contracts that in the event of failure to do these things it will return the money previously paid, then in a suit to recover back the amount paid for failure to do such things, and the proof shows a failure, and there is no evidence to the contrary, it is not error to direct a verdict for the return of the amount paid.

(Syllabus by Harrison, C.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by J. L. Wilde against the Farm Land Mortgage Company, a copartnership, and others. Judgment for plaintiff, and defendants bring error. Affirmed.

*Benj. F. Rice* and *Thos. D. Lyons,* for plaintiffs in error.

*Hutchings & German* and *Allen & Nichols,* for defendant in error.

Opinion by HARRISON, C. This action was begun in the superior court of Muskogee county, October 19, 1909, by John L. Wilde against the Farm Land Mortgage Company, a copartnership consisting of Carl Anderson, Seth Ely, and J. E. Tomlinson, on a contract for purchase of real estate. The plaintiff alleged, in substance, that on August 14, 1909, he entered into a contract with defendant for the purchase of certain tracts of real estate, aggregating 560 acres, situated in McIntosh county. The contract was attached to and made a part of the petition, and provided that the agreed purchase price should be $14,000, $3,000 of which was to be paid in hand, and was paid at the time of the execution of the contract, the balance to be paid on delivery of deed and abstract showing perfect title, same to be delivered on or about October 10, 1909. It provided, further, that the first party (the company) was to furnish an abstract of title down to date, showing perfect title free of all valid liens, and to give warranty deed. It provided, further, that such abstract was to be passed upon by a resident lawyer of Oklahoma, to be selected by the second party, Wilde, and further provided that in case the first party be unable to furnish the deed and abstract showing

perfect title as set forth in the contract, then the first party should repay to the second party all payments made on the contract, same to constitute full settlement of all claims of either party to the contract. For failure on the part of the company to furnish such abstract and its refusal to repay the $3,000 plaintiff instituted this action for the recovery of the $3,000, interest and costs. Defendant answered, admitting the allegation of copartnership of the company and the entering into the contract, but alleged that in the description of the various subdivisions of land in the contract a certain 40 acres, to wit, the S. W. quarter of section 8, township 10, range 17, was by mutual mistake included in the contract, whereas the intent of the parties to the contract was not to include such 40-acre tract, that defendant company had contracted to convey only 520 acres, and did not contract to convey the 40 acres in question, and that plaintiff so understood the contract at the time it was entered into. The answer further alleged that defendant had performed all the conditions required of it, but the plaintiff had refused to pay the balance due under said contract, upon the ground that defendant had refused to convey title to the said 40-acre tract in question. Defendant also alleged damages in the sum of $7,000, and prayed judgment for $4,000 in addition to the $3,000 already received. The issues being thus joined, the cause was tried in January, 1911, resulting in a peremptory instruction in favor of plaintiff for the sum of $3,332.50. From such judgment the mortgage company appeals.

Numerous assignments of error are made by plaintiffs in error, but the decisive issue involved in the case is whether the company, under the terms of the written contract, tendered to Wilde the character of deed contemplated in the contract, together with an abstract showing perfect title to the land. A proper determination of this issue does not require a determination of the question whether the extra 40 acres was included in the contract or not. The record shows that no deed from the company to Wilde was ever tendered to the remaining portion of the land. The record shows that Anderson, one of the members of the copartnership, had procured deeds to himself for 520 acres of the land, and that he tendered a deed from himself and

his wife to such tracts to Wilde, through his attorney Allen. But this was not the contract. The contract was that the company should make Wilde a warranty deed to the land, and Wilde may have been justified in preferring a warranty from the company rather than a warranty from Anderson and his wife, or from the individual members of the company. This was the warranty he had contracted for and agreed to pay his money for, and which under the law he had a right to demand.

"Where one party agrees to convey to another by warranty deed a certain tract of land, the legal title to which is vested in a third person, the procuring of the conveyance of the land by such third person with his warranty will not answer its requirements. The party who was to receive the deed is entitled to have the personal covenants of him who agreed to convey as a further security for his title." (1 Warvelle on Vendors, sec. 347.)

*Crabtree v. Levings*, 53 Ill. 526; *Rudd v. Savelli*, 44 Ark. 145; *McMurry v. Fletcher*, 24 Kan. 574; *Ruffner v. McConnell*, 17 Ill. 212, 63 Am. Dec. 364.

And aside from this, the contract provided "said abstract to be passed upon by a resident lawyer of Oklahoma, employed by second party." This clause does not necessarily imply that such lawyer was to be the attorney of Wilde any more than he was to be the attorney of the company. It might imply that he was to be paid by Wilde, but it does specifically state "said abstract to be passed upon by a resident lawyer of Oklahoma," and this necessarily implies that such lawyer should have authority and was bound in honor to reject same unless it showed a perfect title. The lawyer claimed in his testimony that at the time the abstract was presented to him for examination it disclosed a defective title, in that it showed that the deed from certain allottees to a portion of the land, which at that time required the approval of the Secretary of the Interior, had not been so approved, that it also showed that the probate proceedings in reference to certain minor heirs, through whom the title to other portions of the land was to come, was also defective, and also pointed out other defects and irregularities in the probate proceedings which, in his judgment, rendered the title bad, and that for such reasons he rejected the title. This provision of the contract that

the title should be passed upon by a resident attorney was entered into by both parties to the contract. Either party had the right to rely upon the judgment and opinion of such lawyer.

"The courts generally hold that parties have the right to make any contract which is not unlawful nor against public policy. They have the right to provide for an arbitrator, whose decision, in the absence of fraud, shall be final. They have the right, in making a contract for the sale of lands, to make an attorney or any one else exclusive and final judge as to whether or not the title is defective. In such case the courts are inclined to leave the parties to abide by the contract as they have made it, and not to make a different one." (*Simmons v. Zimmerman,* 144 Cal. 264, 79 Pac. 452, 1 Ann. Cas. 850.)

Also *Brown v. Foster,* 18 Am. Rep. 463; *Gibson v. Cranage,* 39 Mich. 49, 33 Am. Rep. 351; *Zaleski v. Clark,* 44 Conn. 218, 26 Am. Rep. 446; *Goodrich v. Van Nortwick,* 43 Ill. 445; *Goodwine v. Kelley,* 33 Ind. App. 57, 70 N. E. 834; *Silsby Mfg. Co. v. Town of Chico* (C. C.) 24 Fed. 894; *Wood Reaping & Mowing Mach. Co. v. Smith,* 50 Mich. 565, 15 N. W. 906, 45 Am. Rep. 57. The company having failed in these two essential provisions of the contract, and having contracted that in event of failure to do these things it would return the money paid, we see no reason why it should not be required to do so, nor error in the court's requiring it to do so. These were the considerations which Wilde contracted to pay his money for—a title warranted by the company and pronounced perfect by an attorney upon whose judgment he relied.

There being no evidence that these things were done, we see no error on the part of the court in directing a verdict for the return of the money.

By the Court: It is so ordered.