## CURTIS v. ROBERTS et al.

No. 12737—Opinion Filed Feb. 12, 1924.

Rehearing Denied Nov. 25, 1924.

**1. Guardian and Ward — Oil and Gas Lease of Ward's Allotments — "Separate Leases."**

Where a guardian leases for oil and gas mining purposes the allotments of his three minor children, the fact that said lands are included in one instrument of lease is not effective to change the substantial ownership thereof, and such transaction must be deemed a separate oil and gas mining lease as to the lands of each ward.

**2. Same — Discovery on One Allotment — Effect on Leasehold on Others.**

Discovery of oil and gas on allotment of one ward does not vest leasehold estate as to allotment of minor owner whose lands were included in same instrument by guardian. Where a guardian leased for oil and gas purposes the allotments of his three minor wards to the same lessee, such transaction amounts to a separate lease on the land of each ward, although the lands are all included in one instrument of lease. A discovery of oil and gas on the allotment of one ward does not vest the leasehold estate for oil and gas as to the other allotments, and where no payment of rentals has been made to the owners of the other allotments, the oil and gas mining lease thereon expires by its own terms.

**3. Oil and Gas—Merchantableness of Title of Lease—Determination.**

Where an oil and gas mining lease has been executed and the lessee therein accepts same after receiving a report on the title from an attorney at law the fact that thereafter the attorney for a prospective purchaser rejects such title, is not evidence that the title is unmerchantable. The question of merchantability of said title may be determined by the court, and where it appears that a former oil and gas mining lease has expired by its own terms, that no rentals have been paid, but that it is claimed that such lease is in force and effect because of a discovery of oil on the lands of another owner, a decision by the trial court that such title is merchantable is proper.

**4. Same—Sufficiency of Evidence.**

Record examined, and held, that evidence does not show that the title delivered to plaintiff was unmerchantable, and that therefore plaintiff has not made out a case authorizing the return of the purchase price.

(Syllabus by Lyons, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Carter County; B. C. Logsdon, Judge.

Action by B. S. Curtis against Altia E. Roberts and another. Judgment for defendants, and plaintiff appeals. Affirmed.

Champion, Champion & George, for plaintiff in error.

Amos Wolfe and Geo. A. Ahern, for defendants in error.

Opinion by LYONS, C. The parties will be referred to as in the court below. The defendant contracted with plaintiff for the leasing for oil and gas purposes of 60 acres of defendant's land. The oil and gas mining lease covering this tract was executed and delivered, and was accepted by plaintiff after receiving the report of his attorney on the sufficiency of the title.

The plaintiff paid to defendant a bonus, or down payment, in the sum of $1,800. Thereafter the plaintiff attempted to sell the oil and gas mining lease and the title was rejected by the attorneys for the prospective purchaser.

An alleged cloud on the title is said to exist on account of the following situation: On July 15, 1911, William F. Robison, as guardian of the defendant (who was then a minor), and as guardian of Luther Robison a minor, and Addie L. Robison, a minor, made an oil and gas mining lease in which the allotments of each of said minors was

included. No rental or royalty was ever paid to defendant and it is conceded that since oil and gas was not discovered and no rentals paid, that the lease as to her allotment would, under ordinary circumstances, have expired. However, oil was discovered in paying quantities on the allotment of Luther Robison which was included in the lease. Royalties were paid to William F. Robison, guardian of Luther Robison, a minor, and it is claimed that since defendant's allotment was leased under the same instrument as that of Luther Robison, a minor, that the discovery on Luther's allotment vested the leasehold estate for oil and gas in defendant's allotment also, and that the payment of royalty to Luther Robison, a minor, by payment to the guardian was sufficient to keep the lease in force and effect as to defendant's allotment.

Plaintiff contends that this situation rendered his title unmerchantable and the plaintiff is entitled to recover the purchase price. Assuming, without conceding that the general rule which applies to vendor and purchaser in sales of land, applies also to a transaction involving an oil and gas mining lease, when the facts are examined, it is apparent that plaintiff has not disclosed that the title conveyed to him was not merchantable.

Plaintiff relies on the rule announced in the case of Gypsy Oil Co. v. Cover, 78 Okla. 158, 189 Pac. 540, and Pierce Oil Corporation v. Schacht, 75 Okla. 101, 181 Pac. 731, where it is held that if the owner of two tracts of land makes an oil and gas mining lease thereon, said lease is an entirety, and that a discovery on either tract vests the leasehold estate for oil and gas. It is also held that after such discovery any conveyance of said tracts is subject to the rights of the oil and gas lessee, and does not work a partition.

In this case, however, Luther Robison owned his allotment in fee simple by virtue of his Indian citizenship, and Altia E. Robison, defendant herein, owned her allotment by virtue of her Indian citizenship. The fact that the guardian at the time of leasing these allotments for oil and gas included both allotments in one instrument of lease, does not change the substantial ownership of the minors, and we must regard the situation as if a separate oil and gas mining lease had been made on each allotment.

Therefore the rule cited does not apply. To have made it applicable it would have been necessary for plaintiff to disclose a state of facts showing that when the lease

was made Altia Robison was the owner of her allotment, and was the owner of Luther Robison's allotment (on which oil was discovered). No such situation appears here.

The plaintiff contends that, inasmuch as the purchaser rejected the title, this is some evidence that the title was not merchantable.

However, plaintiff's contract of sale with the proposed purchaser provided that the prospective purchaser's attorney should be the exclusive judge as to whether or not the title was sufficient. In such cases the decision of the attorney is binding, although the title may in fact be merchantable. See Farm Land Mortgage Co. v. Wilde, 41 Okla. 45, 136 Pac. 1078. The trial court directed a verdict for defendant, and under the showing made this was proper. Complaint is made that the trial court in his remarks to the jury referred to the cause as an equity action instead of an action for the recovery of money. This was not error. On the entire evidence, it appears that the plaintiff did not make a case. The trial court directed a verdict for the defendant. The result was correct.

There was no error in the record, and the judgment of the trial court must be affirmed.

By the Court: It is so ordered.