JAY H. TICHENOR et al., Copartners Doing Business as TICHENOR & Co., Appellants, v. PEOPLES SAVINGS BANK OF YONKERS, NEW YORK, et al., Respondents.— In an action (1) to recover commissions from defendant Peoples Savings Bank of Yonkers, New York, which it had agreed to pay plaintiffs on the acquisition by it from defendant Manufacturers Trust Company of a mortgage loan, evidenced by a note and mortgage, in the sum of $717,300 made by the trust company on property in Arizona, or (2), in the alternative, for damages from defendant trust company, measured by the amount of commissions which plaintiffs would have received from the savings bank, plaintiffs appeal from a judgment in favor of defendants after trial. Judgment unanimously affirmed, with costs. The agreement for the purchase and sale of the mortgage loan was conditioned upon the approval by counsel for defendant savings bank of the "loan documents, title policies, supporting papers, and all other matters pertaining thereto". Counsel refused to approve the transaction, and the sale was not consummated because of doubt as to the validity of the note and mortgage in view of the trust company's failure to qualify to do business in the State of Arizona. In our opinion, under the contract between the savings bank and the trust company, as practically construed by the parties, counsel had the right to consider the validity and enforcibility of the note and mortgage and were not restricted to examining and approving the various instruments and documents required at the closing. (Cf. *Rice* v. *Halsey*, 156 App. Div. 802, 806, affd. 215 N. Y. 656, and *Matter of Herzog*, 301 N. Y. 127, 137.) On the record presented, counsel's action in refusing to give their approval was not arbitrary or unreasonable, regardless of whether or not the mortgage was in fact valid, nor did plaintiffs establish that such action resulted from bad faith or from anything other than an honest doubt which it was their duty to communicate to their client. (Cf. *Flanagan* v. *Fox*, 6 Misc. 132, affd. on opinion below 144 N. Y. 706; *Van Iderstine Co.* v. *Barnet Leather Co.*, 242 N. Y. 425, 432–434; *Atkins* v. *Trowbridge*, 162 App. Div. 629, 639; *Pacific Tel. & Tel. Co.* v. *Davenport Ind. Tel. Co.*, 236 F. 877; *Kenney* v. *Walden*, 28 Ga. App. 810, and *Curtis* v. *Roberts*, 104 Okla. 172.) Defendant trust company made no promise to plaintiffs, express or implied, either that it would qualify to do business in Arizona, or that the instruments evidencing the loan would be satisfactory to the savings bank, and breached no agreement with plaintiffs for which it might be held liable for the loss of plaintiffs' commissions. (Cf. *Fox Co.* v. *Wohl*, 255 N. Y. 268.) Present — Nolan, P. J., Wenzel, MacCrate, Schmidt and Beldock, JJ. [See 283 App. Div. 743.]