BURD SMITH V. THE TERRITORY OF OKLAHOMA.

(Filed July 17, 1902.)

1. **INDICTMENT—Wording.** While it is essential that every material element of a crime shall be alleged in an indictment, it is not necessary to use the exact language of the statute; words of equivalent import are sufficient.

2. **HOMICIDE—Murder, When.** Homicide is murder, as defined by our Crimes and Punishment Act, when perpetrated without authority of law, and with a premeditated design to effect the death of the person killed, or any other human being.

3. **INDICTMENT—Sufficient, When.** Hence an indictment which charges that the homicidal act was committed "wilfully, feloniously, purposely, unlawfully and of his deliberate and premeditated malice and with a design to effect the death of" the deceased, is sufficient to charge the crime of murder.

4. **INSTRUCTIONS—Error, When.** On a trial for murder it is not error for the court to charge the jury that the issue for them to determine from the evidence, under the instructions of the court, is the guilt or innocence of the defendant.

5. **VERDICT—Not Disturbed, When.** It is the settled law of this court that where the evidence reasonably tends to sustain the verdict, and when the jury has been properly instructed as to the law, and a motion for new trial has been denied, and the verdict of the jury approved by the trial court, this court will not invade the province of the jury to weigh the evidence and disturb the verdict.

(Syllabus by the Court.)

*Error from the District Court of Pottawatomie County; before B. F. Burwell, Trial Judge.*

*A. Hutchins* and *J. H. Woods,* for plaintiff in error.

*J. C. Strang, Attorney General,* for defendant in error.

Opinion of the court by

HAINER, J.: The plaintiff in error, Burd Smith, was indicted and tried in the district court of Pottawatomie county, charged with the crime of murder. The jury returned a ver-

dict of guilty of manslaughter in the first degree, and he was sentenced by the court to serve a term of ten years in the penitentiary. From this judgment the plaintiff in error appeals, and asks a reversal of the cause upon the following assignments of error: The overruling of the demurrer to the indictment; the giving of erroneous instructions to the jury; and that the evidence is insufficient to sustain the verdict.

It is claimed that the indictment is insufficient for the reason that it does not charge that the shooting was done "with a premeditated design to effect the death of the deceased, J. W. Stovall," and that this case comes clearly within the rule announced by this court in the cases of *Jewell v. Territory,* 4 Okla. 53, and *Holt v. Territory,* 4 Okla. 76. In these cases it was held that an indictment which fails to allege that the homicidal act was committed with a premeditated design or intention to effect the death of the person killed is insufficient. We think that this is the true doctrine, and still adhere to the rule announced in those cases. But, in the Jewell case, as well as in the Holt case, there was an entire failure to allege that the homicidal act was perpetrated with a design or intention to effect the death of the deceased, and no language of equivalent import was used. But in the case at bar an examination of the indictment discloses that it does allege that the shooting was done with "premeditated malice and with a design to effect the death of the deceased, J. W. Stovall." While this averment is not in the exact language of the statute—and no doubt the better rule is to follow the exact language of the statute, that is that the homicidal act must be done with "a premeditated design to effect the death of the person killed,"—yet we think the language used in this indictment charging that the shooting and killing were done with "premeditated malice and with a design to effect the

—.2

death of the deceased," is of equivalent import, and hence sufficient to charge the crime of murder.

In volume 10, Encyclopaedia of Pleading and Practice, page 483, the following rule is announced:

"While it is essential that all the facts constituting an offense must be so stated as to bring the defendant precisely within the law, it is a rule of universal application that when a statute creates an offense and sets out the facts which constitute it, the offense may be sufficiently charged in the language of the statute. In some cases it has been held that the exact language of the statute must be used in charging an offense which is defined by statute, but the prevailing doctrine is that although every ingredient of the offense described must be set out, it is not necessary to use the exact language of the statute, words of equivalent import being sufficient, and it is enough substantially to charge the offense denounced in the statute."

And in *Holt v. Territory, supra,* it was said:

"An indictment to be sufficient must charge that the unlawful acts by which the homicide was perpetrated and the killing itself were all done with a premeditated design or intention to effect the death of the deceased."

Hence we think the indictment was sufficient to charge murder, and there was no error committed by the trial court in overruling the demurrer thereto.

It is next claimed that the court erred in giving instruction number one to the jury. The objection to this instruction is that the court stated to the jury that they must find from the evidence, beyond a reasonable doubt, that the shooting was done with a premeditated design to effect the death of the deceased, J. W. Stovall. The objection to this instruction is upon the supposition that the indictment does not allege that the shooting was done with a design to effect

the death of the deceased. The language used by the court in giving this instruction is the exact language of the statute; whereas, the indictment avers that the shooting was done "with premeditated malice and with a design to effect the death of the deceased." The objection is not well founded, and there was no error in giving this instruction.

It is next contended that the court erred in charging the jury that the issue for them to determine from the evidence, under the instructions of the court, is the guilt or innocence of the defendant. The objection to this instruction is that the jury have nothing to do with the innocence of the defendant, but only to decide whether or not the defendant is guilty beyond a reasonable doubt. There is no merit in this contention. This disposes of the only objections made by counsel in his brief to the instructions of the court. We think the instructions as a whole fairly and correctly state the law applicable to the case at bar.

The only remaining error claimed by the plaintiff in error is, that the evidence is insufficient to sustain the verdict. The defendant in this case admitted the killing of the deceased, and interposed as a defense that it was done in self-defense. Upon an inspection of the record we think that the evidence is sufficient to sustain the verdict of guilty of manslaughter in the first degree, and the rule is well settled in this court that where the evidence reasonably tends to sustain a verdict, and when the jury has been properly instructed as to the law, and a motion for a new trial has been denied and the verdict of the jury aproved by the trial court, this court will not invade the province of the jury to weigh the evidence and disturb the verdict.

There being no error in the record the judgment of the district court is affirmed.

Burwell, J., who presided in the court below, not sitting; Irwin, J., absent; Pancoast, J., concurs in the result; all the other Justices concurring.