SAM MEIERHOLTZ v. THE TERRITORY OF OKLAHOMA.

(Filed September 2, 1904.)

1. PERJURY—Proof, What Sufficient. On the trial of a charge for perjury, the evidence need not be limited to proof of exact words alleged—proof of the substance is sufficient.

2. VERDICT—Evidence to Support, When Sufficient. In a criminal case, this court will not disturb the verdict of the jury unless there is an entire absence of testimony on some material issue, or the evidence so clearly preponderates in favor of the defendant as to suggest the possibility that the verdict was the result of misapprehension or partiality.

3. INCAPACITY TO COMMIT CRIME—Age of Accused—How Presented. That the defendant is incapable of committing crime by reason of being under fourteen years of age, cannot be presented the first time by motion for new trial.

(Syllabus by the Court.)

*Error from the District Court of Roger Mills County; before James K. Beauchamp, Trial Judge.*

*D. B. Welty* and *J. W. Johnson,* for plaintiff in error.

*J. C. Robberts, Attorney General, and C. H. Woods, Assistant,* for defendant in error.

Opinion of the court by

BURFORD, C. J.: The plaintiiff in error, Sam Meierholtz, was convicted in the district court of Roger Mills county of the crime of perjury and sentenced to five years in the penitentiary. He brings the case here for review and his counsel argue three questions, upon which they ask a reversal of the judgment.

The first contention is that there is a material variance between the proof and the averments as to what the defend-

ant testified to in the case upon which the perjury is based. There is no merit in this contention. It is true that the witnesses who testified for the Territory were unable to give the exact language used by the defendant in his testimony on the former trial, but they remembered the material portions of it, and stated the substance of his testimony, and this was all that was required. It is not necessary to give the exact language of the witness or of the averment in the indictment. Proof of the substance is sufficient. (2 McClain's Crim. Law, sec. 888; *Taylor v. State,* 48 Ala. 157).

It is next contended that the evidence is insufficient to support the verdict of guilty. Counsel urge this contention with considerable strenuosity. We have carefully and considerately examined and weighed the testimony, and while there is conflicting and contradictory evidence on every controverted issue, we find ample competent evidence in support of each material averment. In this state of the record we cannot disturb the verdict unless it is apparent that the verdict was the result of misapprehension or partiality, and we find nothing to warrant such inference.

This court has repeatedly and in varied language laid down the rule by which it will be governed, where the defendant appears to have had a fair trial, and the evidence reasonably tends to support the verdict. While we have not always stated the rule in the same language, the purpose has been to respect the verdict of the jury in all cases where the jury had sufficient evidence to authorize the verdict, and there was no reason to believe that the verdict was other than the result of impartial judgment.

In the case of *Kennon v. The Territory,* 5 Okla. 685, the court said: "Where a jury finds the evidence sufficient upon which to base a verdict of guilty, and the trial court is satisfied, the supreme court will not set aside such verdict, unless it finds such a lack of evidence as to raise a presumption of innocence."

In the case of *Douthitt v. The Territory,* 7 Okla. 55, the rule was stated thus: "This court will not be warranted in reversing the finding of a jury on the facts unless there is an entire failure of proof upon some material and necessary point."

Again, upon the same question in *Boggs v. The United States,* 10 Okla. 424, this court said: "If upon an examination of the entire record the court is satisfied that there is evidence in the case which reasonably tends to sustain the findings, the verdict of the jury will not be disturbed."

In *Harvey v. The Territory,* 11 Okla. 156, it was said: "This court will not disturb the verdict of a jury upon a controverted question of fact where there is ample testimony both for and against the fact at issue."

In *Smith v. The Territory,* 11 Okla. 656, this court again states the rule in the following language. "It is the settled law of this court that where the evidence reasonably tends to sustain the verdict, and when the jury has been properly instructed as to the law, and a motion for new trial has been denied, and the verdict of the jury approved by the trial court, this court will not invade the province of the jury to weigh the evidence and disturb the verdict."

This court in *New v. The Territory,* 12 Okla. 172, upon the same subject said: "Where, after an examination of

the entire record it appears that the defendant has had a fair and impartial trial, and that no material error has been committed by the trial court, and the verdict seems to be amply sustained by the evidence, this court will not disturb the verdict or judgment of the trial court."

While there is no material difference in the results from the various ways this rule has been stated, the court has not been harmonious in prescribing the rule in the past, and this fact may have led practitioners in this court to persist in urging upon us, orally and in briefs, their arguments and reasons to induce the court to set aside verdicts solely on the ground of the weight of the evidence or the credibility of witnesses. While this court will and does examine the evidence in every case where it is argued that the evidence is insufficient to support the verdict, yet it is rare that we find a case where such examination would he required, if counsel for the complaining party would bear in mind when preparing the case for this court, and apply the rule, that the appellate court will not weigh conflicting and contradictory evidence which has been passed upon by the jury and trial court, but will only interfere where there is an entire absence of testimony upon some material issue, or where the evidence so clearly preponderates in favor of the defendant as to suggest the possibility that the verdict was the result of misapprehension or partiality. The latter rule was laid down in the case of *U. S. v. Harris,* 5 Utah 437, 19 Pac. 437, and while it in effect is practically the same, we think it a clearer and more concise statement of the law than that which this court has generally used, and we approve it as the correct statement of the law in criminal cases.

The last contention suggested by the plaintiff in error is that he was slightly under fourteen years of age, and there was no proof of his capacity to commit crime or of his knowledge of the wrongfulness of the act. This was a proper matter to suggest on the trial of the cause; there is nothing in the record showing or suggesting the age of the defendant prior to the motion for new trial. In defendant's motion for new trial, counsel in an unverified and uncorroborated statement say that he is under fourteen years of age. The failure to present this question to the trial court at the proper time and in the proper manner is a waiver of the question, and this court cannot consider it on appeal.

We find no material error in the record. The judgment of the district court of Roger Mills county is affirmed, and the cause is remanded to said court with directions to execute the judgment, and if the prisoner is on bail, the clerk is directed to issue to the sheriff a commitment for said prisoner without delay.

Beauchamp, J., who presided in the court below, not sitting; all the other Justices concurring.