## L. PULS, v ROBERT CASEY.

(Filed February 13, 1907.)

1. **VERDICT—Set Aside When—New Trial.** Where there is an entire
lack of evidence to sustain a material issue found by the verdict
of a jury, this court will set aside the verdict and grant a new
trial.

2. **CONTRACTS—Time of Performance.** Where no time is specified
in a contract for its performance, a reasonable time will be
allowed, unless the act to be done is in its nature capable of being
done instantly, when it must be performed immediately.

3. **SAME—Same.** Time is not the essence of a contract unless by
its terms it is expressly so provided.

4. **SAME—Tender of Performance.** Where a tender of performance
is a condition precedent to the right of one to maintain an ac-
tion for damages for breach of a contract and there is proof that
the plaintiff was ready and able to perform the agreement and
so notified the adverse party, and was notified that performance
would not be accepted, no formal tender is required as the law
will not require a fruitless thing to be done.

(Syllabus by the Court.)

*Error from the District Court of Kingfisher County; before C. F. Irwin, Trial Judge.*

*Noffsinger & Hinch,* for plaintiff in error.

*Matthew John, Kane,* for defendant in error.

Opinion of the court by

BURFORD, C. J.: This was an action to recover damages for breach of contract. The plaintiff in error was the owner of a saloon, consisting of a stock of liquors and saloon fixtures at Dover, in Kingfisher county. The following written agreement was entered into by the parties to the action:

"Dover, Okla., 4-25-1903.

"It is agreed between L. Puls and Robert Casey that L. Puls sells to said Casey his saloon fixtures and stock for the sum of $337.50 and invoice; said Casey pays to said Puls the said $337.50 cash to bind bargain, and L. Puls agrees to assist in every way possible to aid said Casey in procuring license.

"L.PULS."

Upon the day this agreement was signed Casey paid Puls $200, and it was agreed that the stock was to be invoiced and the balance of purchase money to be paid within a few days. They failed to consummate the transaction and Casey brought this action in the district court of Kingfisher county to recover damages for alleged breach of contract. Issues were formed and the cause tried to a jury. There was a verdict and judgment in favor of Casey for $200 and costs. From this judgment Puls appeals.

The only error assigned and insisted upon is that the verdict is not sustained by the evidence. Counsel for plain-

tiff in error concede the rule so often announced by this court, that where there is evidence reasonably tending to support the verdict of a jury this court will not interfere, but they claim that there is an entire absence of evidence to support some of the material issues in the cause. In such event the court will set aside the verdict and grant a new trial. *Meierholtz v. Territory,* 14 Okla., 359.

In examining the evidence as to the conduct of the parties and what was done towards perfecting the agreement, it will be well to bear in mind that the contract was one in which no time is fixed for its performance, and is governed by our statutory provisions as follows:

Sec. 808, Wilson's Stat., vol. 1.

"If no time is specified for the performance of an act required to be performed, a reasonable time is allowed."

Sec. 809.

"Time is never considered as of the essence of a contract unless by its terms expressly so provided."

By the terms of the contract in question time was not made of its essence, and the parties were entitled to a reasonable time in which to comply with its terms. The testimony submitted on the trial shows that on the day the contract was entered into Casey paid Puls $200 on the contract, and it was understood that he would have to arrange to procure the balance of the money to complete the deal. It was expected that he would get the bank at Dover, which had a mortgage on the stock of liquors, to assist him in making the payments, but the bank refused to extend its loan or to let Casey have the money to close the trade. The stock was invoiced within a few days and found to invoice $1300,

making the consideration to be paid by Casey $1637.50. Puls agreed to allow Casey until the following Saturday to procure the money, and Casey went to Kingfisher, Caldwell and other places and finally to Kansas City, and returned with the money within two or three days after the Saturday named by Puls. He went to the saloon and told Puls that he was ready to make the entire payment and take the property, but wanted a new invoice, as Puls had been selling from the stock during the interim. . Puls then informed him that he had forfeited the two hundred dollars paid on the contract, and informed him that he could still have the stock on the original terms, but that he had lost the $200 and that he would have to pay the full agreed price in addition to this $200, and that he would not deliver the property under the agreement as originally entered into.

The court instructed the jury upon the theory that time was not of the essence of the contract, and told them that if Casey offered to pay the money and complete the contract within a reasonable time, this was a sufficient performance on his part, and on this theory the jury found for the plaintiff, Casey. The particular point contended for by counsel for plaintiff in error is that Casey did not make an actual and technical tender of the money, and by reason of such failure his proof is insufficient to entitle him to a verdict. Ordinarily, where a tender is pleaded and is a condition precedent to a right of recovery, an actual tender and offer to pay the sum due unconditionally is required. But where the proof shows that the party pleading the tender had the money present, ready to make the payment and so informed the other party, and the creditor informed him that he would

not accept it, the formality of a technical tender is made unnecessary; the law does not require a fruitless thing to be done.

There does not seem to be any injustice in the judgment. The jury fixed the amount of damages at the amount of money the plaintiff had paid the defendant and which he refused to surrender. Had Puls desired to rescind the contract, he should have returned or offered to return the $200. He is in no worse condition now than he was before the contract was entered into; he has all he had before. If he suffered any damage by the failure of Casey to take the stock he should have set it out by way of recoupment.

We find no prejudicial error in the record. The judgment of the district court of Kingfisher county is affirmed, at the costs of the plaintiff in error.

Irwin, J., who presided in the court below, not sitting; all the other Justices concurring.