## BALLEW v. PATRICK.

No. 5116.    Opinion Filed December 7, 1915.

(153 Pac. 175.)

APPEAL AND ERROR—Ground for Reversal—Admission of Evidence.
Where plaintiff offers incompetent evidence on a material issue,
which is met by timely objection and exception, and there is no
other evidence reasonably tending to establish the material issue
submitted to the jury under the instructions of the court, which
the jury must have found in favor of the prevailing party in
order to return the verdict returned, the verdict and judgment
will be set aside and new trial granted.

(Syllabus by Watts, C.)

*Error from County Court, Blaine County;*
*George Ferguson, Judge.*

Action by H. A. Patrick against T. J. Ballew and
others.   Judgment for plaintiff, and defendant Ballew
brings error.   Reversed, and new trial granted.

*L. H. Hampton,* for plaintiff in error.

*C. F. Dyer,* for defendant in error.

Opinion by WATTS, C.   The defendant in error filed
suit against plaintiff in error, Ballew, and others, to recove.
damages for breach of contract.   No service was had other
than on Ballew.   Issues were joined between Patrick and
Ballew, and verdict of the jury and judgment were for the
former.   Ballew appeals.

Defendant in error has not favored us with a brief,
and we are authorized to reverse the case under rule 25
(38 Okla. x, 137 Pac. xi) of this court.   However, we find
merit in plaintiff in error's contention, which perhaps ex-
plains the above dereliction.   Under the issues Patrick
bought from Ballew and others a lease covering certain

school lands. The written contract provided that the rental for 1910 had been paid, which Patrick alleges he afterwards found to be false and untrue; that he was forced to pay the rental of $240, and was damaged accordingly. Patrick's evidence in support of nonpayment by Ballew and others is as follows:

"Q. How do you know the rent for 1910 had not been paid at the time the contract was signed? A. From letters I had from the land office. Q. Have you those letters with you? A. No, sir; and I don't think I could produce them. Q. Is that your only information on that subject? A. No, sir; I have the contract, and I have my notes for that. Q. The note you signed after the making of the contract? A. Yes, sir; and a letter."

Ballew objected to the introduction of the evidence, moved to strike, demurred to Patrick s evidence, moved for judgment, etc., all of which was denied, and timely exceptions saved and presented here for review.

It is patent that the evidence was incompetent, because of its secondary nature. The issue was material, and the court should have sustained the several objections. As was said in *Terry v. Creed*, 28 Okla. 857, 115 Pac. 1022:

"Appellate courts reluctantly disturb the verdicts of a jury that have been approved by the trial court; but it is the well-settled rule of this jurisdiction that if there is no evidence reasonably tending to establish a material issue submitted to the jury under the instructions of the court, which they must have found in favor of the prevailing party, in order to return the verdict returned, the verdict will be set aside. *Howard et al. v. Farrar*, 28 Okla. 490, 114 Pac. 695; *Hassell v. Morgan et al.*, 27 Okla. 453, 112 Pac. 969; *Puls v. Casey*, 18 Okla. 142, 92 Pac. 388; *Meierholtz v. Territory*, 14 Okla. 359, 78 Pac. 90."

Competent evidence—the best evidence—to prove the facts in issue was available to defendant in error, and it was his duty to have procured and tendered same.

Therefore, for the reasons given, the judgment of the trial court should be reversed, and new trial granted.

By the Court:    It is so ordered.