## WILLETT v. KESSELRING.

No. 9671—Opinion Filed April 27, 1920.

(Syllabus by the Court.)

1. **Contracts—Time as of Essence.**

Time is never considered as of the essence of a contract, unless by the terms of the contract provided.

2. **Landlord and Tenant—Lease—Covenant to Pay Taxes—Breach by Tenant—Action by Lessor for Possession.**

K. subleased premises to W., who entered thereon and agreed to pay a stipulated rent and taxes levied against the property, but no particular date was agreed upon to pay the taxes; and further agreed that in default of payment of rent and taxes K. might re-enter and repossess the premises. W. did not pay the taxes when the same became due. Prior to the time penalty attached for nonpayment of taxes, K. commenced this suit against W. for unlawfully detaining the premises on the grounds of an alleged breach of the contract, to wit, the failure to pay the taxes. The trial court held that the contract, as a matter of law, had been breached for failure to pay taxes, and directed a verdict for K. Held, that this was error; that, as the parties had not agreed that taxes should be paid at a certain date, the law would require that they be paid in a reasonable time, and what was a reasonable time was an issue for the jury to pass upon, from the facts and circumstances of the case.

Error from Superior Court, Tulsa County: M. A. Breckinridge, Judge.

Action by E. D. Kesselring against Mary L. Willett for unlawfully detaining premises leased by plaintiff to defendant. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

H. A. Johnson, for plaintiff in error.

Luther James, for defendant in error.

HIGGINS, J. E. D. Kesselring, defendant in error, subleased to Mrs. Mary L. Willett, plaintiff in error, the house and premises in question, and they entered into a written agreement by which Mrs. Willett agreed to pay a stipulated rental and, furthermore, "that she will pay all taxes and assessments that shall be levied upon said premises during the term", and should she default in the payment of the rent or taxes, then Kessel-

ring was authorized to re-enter into and upon the premises and repossess the same. Kesselring instituted this suit, which is an action for unlawful detainer, before a justice of the peace, alleging that he is entitled to enter upon and take possession for the reason that Mrs. Willett has breached the contract in her failure to pay the taxes on the property. In the petition he states that she has wholly failed and refused to pay the taxes against said property and the same are now due and a lien against the property and in a short time penalty will be attached to same. There is no contention that she did not pay the rent as stipulated.

The case was appealed to the superior court, and, when the matter came on there for trial, a jury was empaneled to hear the same. The attorney representing Mrs. Willett, in stating her defense to the jury, admitted that the taxes on the property were due and unpaid at the time notice to vacate was served upon her and the suit was instituted. Whereupon the court held that as a matter of law Kesselring should prevail in this suit, and directed the jury to return a verdict in his favor. An appeal has been taken to this court, and the principal assignment of error is that the court erred in directing a verdict in favor of Kesselring.

It was in that interim of time between the date taxes were due and the time penalty for failure to pay attached that this suit was commenced. The agreement fixed no exact date or time upon which the taxes were to be paid. In the absence of an agreement fixing the time for an act to be done, the law presumes that the act will be done in a reasonable time. Section 967, Rev. Laws 1910; Puls v. Casey, 18 Okla. 142, 92 Pac. 388. Time is never considered as of the essence of a contract, unless by its terms so provided. Section 968, Rev. Laws 1910; Snyder v. Stribling, 18 Okla. 168, 89 Pac. 222. Until penalty attached Kesselring could not be prejudiced by failure to pay the taxes; but, after default is made in the payment of same and penalty attaches thereto, he may be prejudiced thereby. We believe, and so find, that the trial court committed error in holding that as a matter of law it was the duty of Mrs. Willett to pay the taxes when the same became due. Whether or not a reasonable time had elapsed for Mrs. Willett to pay the taxes, under the facts and circumstances of the case, should have been submitted to the jury.

We have examined the record in this case, and believe that the justice of the peace had jurisdiction of the subject-matter.

Reversed and remanded.

OWEN, C. J., and KANE, RAINEY, HARRISON, and JOHNSON, JJ., concur.