**EASON et al. v. WALTER et al.**

No. 14781—Opinion Filed March 23, 1926.

Rehearing Denied May 18, 1926.

1. **Escrows—Conditions of Delivery—Writing not Necessary.**

Where a written contract is deposited with a person other than the grantor upon an agreement to deliver it upon the performance of certain conditions, it is an escrow, and it is not necessary that the terms authorizing its delivery be expressed in writing, but this may rest in parol or be partly in writing and in part parol.

2. **Same—Gas Lease and Bonus Money in Escrow—No Rights Acquired by Parties Until Conditions Performed.**

Where an oil and gas lease contract and the bonus money to pay for it are placed in escrow to be delivered to the respective parties upon the performance of certain conditions upon the part of the lessor, the lessee acquires no rights of possession in the leased premises and is under no obligations to develop for oil and gas until the said conditions are performed and the contract is delivered or tendered to the lessee; neither does the lessor acquire any rights in the money deposited until the said conditions are performed.

3. **Escrows—Reasonable Time for Performance of Conditions.**

Where a contract is placed in escrow to be delivered upon performance of certain conditions and no time is specified within which said conditions are to be performed, the rule of reasonable time applies.

**4. Same—Right of Oil Lessee to Stand Upon Terms of Conditions.**

While the escrow agreement is pending, the lessee of an oil and gas lease has the right to stand on the agreement and demand the fulfillment of the escrow conditions within the time specified, or if no time is specified, within a reasonable time, and any proposition by the grantor, not accepted by the grantee, seeking to change the terms of said conditions, cannot be used as a circumstance against the grantee for any purpose prejudicial to his rights under the escrow agreement.

**5. Same—"Reasonable Time for Performance" as Affected by Limited Term for Development in Oil Lease.**

The question of reasonable time in performing the conditions of an escrow agreement to deliver an oil and gas lease limited by a definite term for development, is not determined by the diligence or lack of diligence on the part of the lessor, but upon the fact of performance within sufficient time for the lessee to carry out the provisions of his contract before the expiration of its term.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Garfield County; James B. Cullison, Judge.

Action by Roy Walter and Ella Walter against T. T. Eason and American State Bank of Covington, Okla., to enforce an escrow agreement. Judgment for plaintiffs, and defendants appeal. Reversed, with directions.

Womack, Brown & Cund, W. W. Sutton, and H. Grady Ross, for plaintiff in error.

McKeever, Moore & Elam, for defendants in error.

Opinion by THREADGILL, C. This was an action commenced by Roy Walter and Ella Walter, as plaintiffs, on September 23, 1921, against T. T. Eason and the American State Bank of Covington, Okla., as defendants, to recover the sum of $8,820 held by the bank under an escrow agreement between Walter and his wife and Eason. For convenience we will refer to the parties as they appeared in the trial court. Plaintiffs had judgment in the trial of the cause and defendants appealed, and the judgment was affirmed on first consideration of this court, but, upon petition for rehearing and oral argument on same, a rehearing has been granted, and the cause is now before us for reconsideration.

The facts necessary for determination of the questions involved were substantially as follows: On September 23, 1916, Roy Walter, joined by his wife, Ella Walter, executed a written oil and gas lease to T. T. Eason, on 80 acres of land in section 35, T. 22 N., R. 4 W., in Garfield county. The lease recited a consideration of $1, and provided a term of five years from date for development, and was to continue in force as long thereafter as oil and gas were found in paying quantities, provided said oil or gas was found within the five-year period. There was a provision for extending the time for development after the first year by paying an annual rental of $40. The lease was in the usual form of such contracts. After executing the contract, without delivering it, on the same day Roy Walter and T. T. Eason went to the American State Bank of Covington, Okla., and Walter placed the lease in escrow with the bank, and Eason placed $8,500 with the bank in an escrow deposit in favor of Walter, and took a receipt from the bank for said money. The receipt was written by the cashier of the bank and in the presence of both parties and was as follows:

"Sept. 23, 1916.

"Received of T. T. Eason the sum of $8,500, said amount to be paid to Roy Walter when the said Roy Walter furnishes and delivers to the said T. T. Eason a good and sufficient abstract of title to be approved by Womack & Brown, attorneys of Duncan, Okla., said abstract covering the following described land, to wit: The south half of the southwest quarter of section 35, township 22, north, range 4 west, Garfield county, Okla. The said $8,500 to be used as full payment for an oil and gas lease of even date herewith executed by Roy Walter and Ella Walter, his wife, and held in escrow by the American State Bank of Covington, Okla., said lease to be delivered to T. T. Eason of Marlow, Okla., when the above requirements have been complied with and when all oil and gas leases now of record in Garfield county, Okla., have been released against the above described land. American State Bank, By W. M. Wilmot, Cashier."

Soon thereafter an abstract of title was furnished the attorneys, designated in the receipt, and they passed on it, and reported that the Garfield Oil Company held an oil and gas lease on the land, and they advised that this contract be released before they would approve the title. Thereupon the plaintiffs filed suit in the district court of Garfield county to remove this lease as a cloud on the title, and obtained judgment in their favor for this purpose on March 28, 1918. The defendant Garfield Oil Company appealed from said judgment, and the appeal was dismissed by the Supreme Court

on April 21, 1921, and the mandate was filed in the trial court April 30, 1921. The abstract company certified the abstract on May 9, 1921, showing the final determination of the case on appeal. The abstract as certified showed the lease made by Walter and his wife to Eason clear of all clouds and incumbrances, but this abstract was not sent to defendant Eason until July 20, 1921, which was two months and 11 days from the date of the certificate, and it was not received by Eason until July 21, being two months and 12 days from date of the certificate and within only two months and three days from the expiration of the lease. Defendant refused to carry out the escrow agreement to accept the contract and consent for the money to be delivered to the plaintiffs, on the ground that it was too late for him to comply with the terms of the lease in the matter of drilling the well for oil and gas before the lease expired. It appears from the record that the defendant paid the rentals every year after the first year to toll the time of commencing developments, under the terms of the lease, but in making these payments, they were deposited in the bank in the escrow account, and with instructions to hold the same subject to the terms of the escrow agreement. It also appears from the record that after the plaintiffs obtained judgment in the district court to cancel the Garfield Oil Company's lease, and while the case was in process of the appeal, the plaintiff Roy Walter wrote to Eason and suggested that he was willing for him to surrender his rights in the lease and the escrow agreement, and take down the money that he had on deposit in the bank, and he would withdraw the lease, as he had an opportunity to turn the lease on the land for the same price without waiting for the final determination of the appeal, and Eason declined to accept this offer. It further appears that in May, about four months before the expiration of the lease and before the appeal was dismissed, the defendant Eason notified Walter, as well as the bank, that he desired to withdraw from the contract and to have the return of his money on deposit, because it was then too late for him to comply with the conditions of the lease in the matter of development before its expiration. This offer was rejected by the plaintiffs. After the title was cleared and abstract was sent to the defendant Eason showing that it was clear, according to the understanding relative to the oil and gas lease held by the Garfield Oil Company as stated in the escrow agreement, or receipt, there were only two

months and three days left of the five-year term provided in the lease.

The cause was tried to the court and the court made findings of fact and conclusions of law. The court found the facts to be about as above stated, and the material part of his conclusions of law and the basis of the judgment was as follows:

"The court is of the opinion that the escrow contract did not prevent the defendant from taking actual possession of the land and drilling a well on said land; that the provision in the escrow contract requiring plaintiff to furnish an abstract showing a clear title in plaintiff. was only a provision providing that defendant was not compelled or required to pay the bonus money, $8,500, until he was assured of a clear title of the land."

We do not think there are any facts in the case justifying this conclusion of law.

Defendant urges several assignments of error for reversal of the judgment, but we are of the opinion that the decisive question to be determined is whether or not defendant T. T. Eason had the right to stand upon the escrow agreement and the statutory provision as to reasonable time for complying with the conditions of said agreement. If he did have such right, then it seems that the judgment of the trial court should be reversed. If he did not, then it should be affirmed.

1. Defendant's first contention is that there was no legal escrow agreement because there was no written memorandum apart from the lease showing an offer and an acceptance of the terms of the lease. We do not think there is any merit in this contention, because the lease itself embodied all the terms of a valid contract and was sufficient to take a verbal agreement, or one partly in writing and partly verbal, as to delivery of the contract, out of the statute of frauds. Franks v. Reeder, 101 Okla. 18, 223 Pac. 126; Robert v. Howerton et al., 56 Okla. 555, 156 Pac. 329; Logan v. Brown, 20 Okla. 334, 95 Pac. 441, 20 L. R. A. (N. S.) 298; Shippey v. Bearman, 57 Okla. 603, 157 Pac. 302; Crowning v. Graham, 74 Okla. 232, 178 Pac. 676; Foulkes v. Sengstacken, 83 Ore. 118, 158 Pac. 952, 160 Pac. 315; Thoraldsen v. Everts (Minn.) 91 N. W. 467. This last case announces the rule as follows:

"Where a deed is deposited with a person other than the grantee upon an agreement to deliver it upon the performance of certain conditions. it is an escrow, and it is not necessary that the terms authorizing its delivery be expressed in writing, but may

be declared orally at the time of the deposit."

See, also, Manning v. Foster & Wife (Wash.) 18 L. R. A. (N. S.) 337; Bronx Investment Company v. National Bank of Commerce (Wash.) 92 Pac. 380. In the case of Gaston v. City of Portland (Ore.) 19 Pac. 131, the rule is stated as follows:

"It is not necessary that the condition upon which a deed is delivered in escrow be expressed in writing; it may rest in parol, or be partly in writing and in part oral."

See also, Dikeman et al. v. Arnold (Mich.) 40 N. W. 42; Cannon v. Handley (Cal.) 13 Pac. 315; Francis v. Francis (Mich.) 106 N. W. 864; Hollabaugh v. Taylor (Ark.) 204 S. W. 628; Moore, Keppel & Co. v. Ward (W. Va.) 43 L. R. A. (N. S.) 391.

When the lease contract was executed, and the $8,500, a, part of the consideration therefor, were both deposited in the bank to be delivered to the respective parties, on a future contingency, the contract was partly performed, and the escrow agreement taken out of the statute of frauds.

2. In the second place the defendants contend that the trial court erred in finding and holding that he had the right, under the contract, to enter the premises and develop for oil and gas at any time after the lease was made. We think this contention is well taken. The theory of the court as to the rights of the parties, under the lease and escrow agreement, and the judgment based thereon, are clearly erroneous under the case of First National Bank of Waurika v. Clay, 74 Okla. 112, 177 Pac. 115. On petition for rehearing in the case, the court said:

"The condition precedent never having occurred, the contracts never took effect, and the defendants in error violated no provisions of the contract in failing to commence drilling."

This holding of the court has never been overturned in any case since it was rendered. Applying this rule, it is clear that defendant T. T. Eason had no right to enter the premises and develop for oil and gas, under a contract in escrow that expressly provided that the lease and money paying for it, held by the bank, should not be delivered until the title of the lease was clear and approved by the attorneys of the lessee. If he had done so, it would have been at his peril.

3. Defendant further contends that since there was no time specified in which the plaintiffs were to clear the title of the lease, thereby fulfilling the condition precedent to the delivery of the lease, as well as the mon-

ey, that the rule of reasonable time applies, and that a reasonable time, as shown by the evidence, was at least six months before the lease expired. The trial court took the view that the lease was in full force and effect from the time it was executed, but we find no evidence supporting this theory, and the receipt for the money, written in the presence of both parties, and delivered to the defendant Eason, as well as the other facts and circumstances, show to the contrary. It is true the defendants paid the annual rentals, which, under terms of the lease, were to take the place of development, in the matter of tolling the time of development, but it must be observed that these payments were deposited in the bank in the escrow agreement. The bank held these payments, amounting to $320, just as it held the $8,500, and without any objection on the part of the plaintiffs, but by their consent, as shown by the fact that they made no claim to these payments until they brought their action for $8,500.

We do not think the evidence as to the plaintiffs asking defendant, by letter, if he would be willing to give up the lease after they won their suit in the district court against the Garfield Oil Company, and while the appeal was being prosecuted, and which was refused by the defendant, shows any intention on his part to waive the requirements of the escrow agreement, as to clearing the title of the lease to the satisfaction of the attorneys, Womack & Brown, nor does that fact give the plaintiffs any equities against the defendant. He had the right to stand on the agreement and claim and demand its fulfillment within a reasonable time, and this transaction cannot be used as a circumstance against him for any purpose prejudicial to his rights under the escrow agreement.

5. In the matter of fulfilling the escrow agreement by actually clearing the title of the lease, it is urged by the plaintiffs that this was done before the lease expired and without any delay or lack of diligence on their part, but this is no defense where time is the essence of the contract on the part of the defendant. If the contingency could not be complied with by the plaintiffs in time for the defendant to comply with his contract, under the lease, it would be unreasonable to place a liability upon the defendant for not doing what plaintiffs did not, or could not, make possible for him to do.

We do not think the proof of reasonable time should rest in the diligence or lack of diligence on the part of the plaintiffs in clearing the title, but in the fact as to wheth-

er or not the title was cleared and an abstract completed for the attorneys to pass on in sufficient time, under all the circumstances in the case, for defendant to comply with the terms of the lease contract in the matter of development. The plaintiffs might have been ever so diligent and successful in clearing the cloud on the title, and yet because of circumstances, of which they had no control, might not have succeeded in removing the cloud until after the expiration of the contract between the parties, and in such case the rights of the defendant would have expired before plaintiffs complied with the conditions that would make the lease contract effective.

We are therefore of the opinion that the judgment of the trial court should he vacated, and this cause reversed and remanded, with instructions to the trial court to set aside the judgment appealed from and render judgment in favor of defendants.

By the Court: It is so ordered.

Note.—See under (1) 21 C. J. p. 865 § 1; p. 868 § 7; (1) anno. 18 L. R. A. (N. S.) 337; 10 R. C. L. p. 624; 2 R. C. L. Supp. 1025; 5 R. C. L. Supp. p. 561. (2) 21 C. J. p. 880 § 25. (3) 21 C. J. p. 882 § 27; 10 R. C. L. p. 636. (4) 21 C. J. p. 881 § 25 (Anno); p. 882 §27. (5) 21 C. J. p. 882 § 27.