## BERTRAND v. APPLEBY et al.

No. 19022.  Opinion Filed March 5, 1929.

238

W. L. Chapman, for plaintiff in error.

Clarence Robison, for defendants in error.

HERR, C. This is an action brought by John W. Bertrand in the district court of Pottawatomie county against J. M. Appleby, Mrs. J. M. Appleby, and the Tecumseh National Bank for specific performance of an alleged contract for the sale of real estate and for damages for the wrongful delivery of a deed deposited in escrow in defendant bank. There was judgment for defendants. Plaintiff appeals.

It appears that on September 25, 1925, defendant J. M. Appleby, then being the owner of 19 lots situated in blocks 65 and 66 in the city of Tecumseh, entered into a written lease contract with plaintiff whereby he leased said premises to plaintiff for one year at a rental of $15 per month to be paid $100 in cash in advance and $80 on or before January 1, 1926.

The contract further provided that plaintiff was to have the option to purchase the premises within one year from the date thereof, provided he was able to raise the full purchase price within said time, and in that event the $180 paid as rent should apply on the purchase price of the premises. The purchase price, however, was not fixed by this contract, but several days after the execution thereof it was orally agreed between the parties that the purchase price should be $2,000.

It appears that there was some defect in the title to all the lots except to the portion thereof which was termed the homestead of defendants Appleby. In view of the situation, it was agreed between the parties that proceeding should be brought to quiet title and that the purchase price should be paid by plaintiff so soon as the title was made marketable.

It was further agreed that a deed for the premises should be executed by defendants J. M. and Mrs. Appleby and placed in escrow in the Tecumseh National Bank, to be by said bank delivered to plaintiff upon payment of the purchase price. The deed was so executed and deposited on the 21st day of August, 1926.

T. G. Cutlip, an attorney at Tecumseh, was thereafter employed to quiet title and was employed by plaintiff to pass upon the title. A decree was entered quieting title on November 15, 1926, and plaintiff was, immediately thereafter, advised by his counsel that the title was marketable, except as to a small amount of taxes on one of the lots, which plaintiff was advised he should pay. In this, plaintiff apparently acquiesced, as he made no objection thereto and at no time complained of the unpaid tax.

At the time the agreement to purchase was entered into, plaintiff stated that when title was perfected he would be able to raise the money to take up the deed so soon as he could go to Tulsa and back, he intending to borrow the money from a Mr. Wrightsman for that purpose, and we think it fairly appears from the testimony that it was understood between the parties at the time the contract was entered into that plaintiff did not have cash on hand sufficient to make payment and that he intended to borrow at least a portion of the money to complete payment by a loan to be made on the premises.

After title was quieted and plaintiff was notified thereof, several demands for payment were made upon him, but it seems he was unable to raise the money. The last demand appears to have been made on December 1, 1926, at which time plaintiff replied that Mr. Wrightsman informed him that the title was not good and that, therefore, he could not make the loan. But no particular defect was pointed out; no request made that title be further perfected, and no demand was made for further time within which to procure a loan.

The testimony further establishes that sometime after plaintiff was advised by his counsel that the title was marketable, he

was informed by defendant bank that unless he procured the money and made payment of the purchase price, it would be compelled to deliver the deed held by it in escrow to defendant Appleby.

It appears that plaintiff was unable to raise the money, and on December 20, 1926, the deed held by the bank was by it returned to defendant Appleby. On December 22nd. plaintiff brought this action. No tender was made by plaintiff prior to the filing of the suit, but tender was made during the trial. The trial court found that plaintiff failed to make payment in accordance with the terms of the contract; that defendants were therefore entitled to rescind, and judgment was rendered in favor of defendants Appleby, a demurrer to the evidence as to the defendant bank having been previously sustained.

The only assignment of error as to defendants Appleby is that the court erred in not decreeing specific performance in accordance with the prayer of plaintiff's petition. We think this assignment is not well taken. Under the law and under the contract, payment became due when the title was perfected. In the case of Vanlandingham v. Newberry, 104 Okla. 98, 230 Pac. 726, this court says:

"Where a contract for the sale of oil and gas lease specifies the amount the lessee agrees to pay the lessor when the lessor furnishes the lessee with a good and merchantable title to the lands described therein, the time of payment, not being expressed in the contract, is when the lessor furnishes to the lessee such title."

Under the contract in the instant case, plaintiff had a reasonable time after payment became due and after demand for payment to raise the money with which to make payment. Section 5060, C. O. S. 1921, provides:

"If no time is specified for the performance of an act required to be performed, a reasonable time is allowed. If the act is in its nature capable of being done instantly. as for example, if it consists in the payment of money only, it must be performed immediately upon the thing to be done being exactly ascertained."

In the case of Eason et al. v. Walter et al, 118 Okla. 37, 246 Pac. 865, it is held:

"Where a contract is placed in escrow to be delivered upon performance of certain conditions and no time is specified within which said conditions are to be performed, the rule of reasonable time applies."

See, also, Puls v. Casey, 18 Okla. 142, 92 Pac. 388; Willett v. Kesselring. 78 Okla. 199, 189 Pac. 752; Foster v. Ley et al. (Neb.) 15 L. R. A. 737, and cases cited in notes.

Under the evidence in the instant case, plaintiff had from the 15th day of November, 1926, to the 20th of December, 1926, to procure a loan on the premises and make payment. It was his intention to procure such loan from Mr. Wrightsman, of Tulsa. Ample time was given for the procuring of an abstract and to present the same to Mr. Wrightsman for his acceptance or rejection. The title was apparently rejected by Mr. Wrightsman or for some other reason the loan was by him refused, and when demand was made upon plaintiff for payment same was refused on the ground that Mr. Wrightsman objected to the title, but no specific objection thereto was pointed out; no demand made that title be perfected and no request for further time within which to procure the money. No corrections were made as to the title.

Plaintiff is now making no objection to the same, but seems to be satisfied therewith. He was given a reasonable time within which to obtain the loan and make payment and when demand was made therefor, by his attitude, apparently abandoned the contract. Defendants were, therefore, entitled to rescind.

The view taken renders it unnecessary to pass upon the assignment that the court erred in sustaining the demurrer to the evidence as to the defendant bank, as it necessarily follows from what has been said that the bank could, in no event, be held liable.

Judgment should be affirmed.

BENNETT, HALL, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 10 R. C. L. 636. (2) 25 R. C. L. 275. See "Escrows." 21 C. J. §27, p. 882. n. 84. "Specific Performance," 36 Cyc. p. 693, n. 60. "Vendor and Purchaser," 39 Cyc. p. 1332, n. 2; p. 1372, n. 73.