**BRADSHAW et al. v. SUPERIOR OIL CO.**
**No. 3491.**

Circuit Court of Appeals, Tenth Circuit.

Oct. 31, 1947.

James S. Twyford, of Oklahoma City, Okl. (Solon W. Smith, of Oklahoma City, Okl., on the brief), for appellants L. R. Bradshaw and Helen Bradshaw.

Dewayne Hays, of Oklahoma City, Okl., for appellants W. C. Bonney and Wilma G. Bonney.

Earl Pruet, of Oklahoma City, Okl., for appellee.

Before PHILLIPS, HUXMAN and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

Sometime in the latter part of May or the early part of June, 1945, J. W. Collins, as agent for Superior Oil Company, negotiated the purchase of an oil and gas lease covering 80 acres of land in Garvin County, Oklahoma, owned by appellants. Because of defects in the title the lease was placed in escrow with the First National Bank and Trust Company of Oklahoma City on open draft, drawn on Collins, pending curative proceedings to perfect the title in accordance with the title opinion of Superior's attorneys. On November 24, appellants delivered a certified abstract to Superior's attorneys showing final judgment in a quiet title proceedings, and on November 27, in a supplemental opinion, Superior's attorneys again called attention to two prior unreleased oil and gas leases, suggesting that either releases be obtained or affidavits of non-development furnished. On December 18, 1945, Superior tendered payment of the draft to the escrow agent and it was refused on order of appellant Bradshaw. Superior then brought this suit to quiet its title to the oil and gas lease.

Superior contended, and the trial court found, that the lease was deposited in escrow with the understanding that the purchase price would be paid when appellants

furnished a title which would meet its approval; that no definite time was agreed upon for performance and it therefore had a reasonable time, after the abstract was submitted, in which to examine and approve the title, and tender payment. The trial court also found from the evidence that the usual and ordinary time required by Superior to act upon leases, which were not drafted directly to it and which were not on time draft, was three to four weeks; and, that in the regular course of business, Superior did examine the title, waive the requirements of the supplemental opinion and tender payment. In short, the court found that Superior had a reasonable time in which to examine the title and tender payment, and that it did so within a reasonable time. Judgment was rendered accordingly.

Appellants contend here, as in the trial court, that because of rapid development in the vicinity of their land and the highly speculative value of the lease, time was of the essence of the escrow agreement, and Superior was therefore obligated to pay the purchase price immediately upon receipt of the abstract reflecting the judgment in the curative proceedings. That failing to do so, it breached the escrow agreement and therefore has no right, title or interest in and to the lease.

■ Generally, where an oil and gas lease is placed in escrow, to be delivered upon the performance of certain conditions and no time is specified within which the conditions are to be performed, the rule of reasonable time applies. 15 O.S.A. § 173; Harrell v. Clarke, 174 Okl. 623, 51 P.2d 720; Webb v. Moran, 186 Okl. 140, 96 P.2d 308; Briscoe v. Devonian Oil Co., 140 Okl. 248, 282 P. 1101; Vanlandingham v. Newberry, 104 Okl. 98, 230 P. 726; Bertrand v. Appleby, 135 Okl. 237, 275 P. 341; Eason v. Walter, 118 Okl. 37, 246 P. 865. And, what is a reasonable time is a question for the court, to be determined from a consideration of all the facts and circumstances in which the question arises. Grayson v. Crawford, 189 Okl. 546, 119 P.2d 42; Briscoe v. Devonian Oil Company, supra.

But, appellants say that there is no evidence to support the findings of the court to the effect that the lease was placed in escrow "subject to approval of title" by Superior, and if so, there is no evidence to support the court's findings that in the circumstances the period of time between the delivery of the certified abstract on November 24 and the tender of payment on December 18 was a reasonable time, and that this court should so declare as a matter of law.

■ Evidence was offered to the effect that Collins told appellants when he was negotiating for the purchase of the oil and gas lease that such purchase would be contingent upon Superior's approval of their title, and that upon securing such approval of title he would pay the purchase price. That due to activity in Southern Oklahoma, Superior was engaged in a tremendous lease buying campaign during November and December; that it was the practice of Superior, when the leases were not drafted directly to the Company or were on open draft, to stack them up and examine them in turn as they came to the office, and because of the volume of business they were doing, it required three or four weeks to reach a lease. There was no evidence to the effect that Superior was not diligent in approving the title, nor that appellants at any time complained to Collins or Superior with reference to the length of time required for payment of the draft, or made any demand upon either for payment. Under these facts, we cannot say that the trial court's findings and conclusions with reference to the escrow agreement, and the reasonableness of time of payment, is without basis in fact or warrant in the law.

Shortly after the lease was placed in escrow, it was delivered by the escrow agent to Collins, and by him assigned to Superior, who placed it of record. Appellants contend that such withdrawal and recordation of the lease was without their knowledge and consent, and was therefore a breach of the escrow agreement by Superior, entitling them to rescind and refuse payment.

■ Of course, if the delivery of the lease by the bank to Collins was unauthorized and in violation of the escrow agreement, the delivery and subsequent recorda-

tion did not operate to vest title in Superior. See Home-Stake Royalty Corporation v. McClish, 187 Okl. 352, 103 P.2d 72; Vol. 19 Amer.Juris., Escrow, Section 22, p. 441; Annotation 48 A.L.R. 405. But such unauthorized delivery may be ratified by the person as to whom the delivery was improper. Home-Stake Royalty Corporation v. McClish, supra; Nickell v. Reser, 143 Kan. 831, 57 P.2d 101; Sunderlin v. Warner, 42 Idaho 479, 246 P. 1; Oland v. Malson, 39 Okl. 456, 135 P. 1055; Longworth v. Farmers' & Traders' Bank of Warsaw, Mo.App., 300 S.W. 546; Annotation 48 A. L.R. 405, at page 424; Vol. 19 Amer.Juris., Escrow, Section 24.

The trial court found in effect that it was customary in the banking and oil business to permit leases to be withdrawn from escrow for purposes of inspection by the purchaser; that appellants either had actual knowledge thereof or facts sufficient to put them on inquiry from and after June 22, and concluded that even if such delivery of the lease was unauthorized, the appellants thereafter by their acts and conduct ratified or waived the delivery of the lease.

The lease was withdrawn by Collins on June 20, upon the giving of a trust receipt therefor to the bank; a procedure which the Assistant Cashier of the escrow bank stated was in accordance with the usual custom of allowing such instruments to be withdrawn for examination. The title opinion of Superior's attorneys on June 22, a copy of which was furnished to appellants, reflected Collins' assignment of the lease to Superior. On June 25, the lease was inadvertently filed of record in Garvin County when Superior gave a blanket instruction to an employee in the Land Department to file all leases, located in the same township as appellants' property. The abstract delivered by the Garvin County Abstractor to appellants' attorney on No-

vember 10 also set forth the assignment by Collins to Superior and its recordation. On November 16, Bradshaw accompanied Collins to the bank to explain that payment of the draft was being delayed by reason of the quiet title proceedings. Collins testified that when the teller at the collections window reached in the file to withdraw the lease and found only a trust receipt therefor, he told him he had withdrawn the lease; that Bradshaw heard the entire conversation and stated "Yes, just leave it as it is. It is all right". The teller corroborated this testimony by stating that Bradshaw told him "we are still working on this deal and we should have it cleared up before very long and get the money on it. Just leave everything stay like it is. I don't want the lease back; we are going to get the money on that".

There was contradictory and countervailing evidence, but it would serve no useful purpose to delineate it because the trial court, and not this court, is the trier of the facts, and as such is the judge of the weight of the evidence and credibility of the witnesses. Its findings and judgment based thereon must stand, unless we can say that a serious mistake has been made in a consideration of the evidence and the application of the law thereto. Viles v. Prudential Ins. Co., 10 Cir., 107 F. 2d 696; Peoples Trust & Savings Bank v. Hubbell, 10 Cir., 102 F.2d 754; Hedrick v. Perry, 10 Cir., 102 F.2d 802; Stearns v. Central Petroleum Co., 10 Cir., 93 F.2d 638; Whitechurch v. Crawford, 10 Cir., 92 F.2d 249; Stewart v. American Life Ins. Co., 10 Cir., 89 F.2d 743; Standard Oil Co. of Colorado v. Standard Oil Co., 10 Cir., 72 F.2d 524.

It follows that the judgment of the trial court is supported by the evidence and warranted in the law.

The judgment is affirmed.