DEAN HARR & COMPANY, a corporation, Plaintiff in Error,

v.

Henry G. KUHLMAN, June Kuhlman, John Kuhlman, Lovenia E. Kuhlman, P. B. Gonzales, Sophie W. Genzer, Marie M. Blevins, Cecil Arnold Blevins, Pauline Kuhlman, Manuel K. Gonzales, and Dorothy Blum, Defendants in Error.

No. 36406.

Supreme Court of Oklahoma.

Nov. 9, 1954.

Rehearing Denied Dec. 7, 1954.

of specific performance of a written contract for the sale and purchase of real property, or in lieu thereof a judgment in damages for the alleged breach thereof.

The contract in question was executed on the 13th day of March, 1950, by and between Dean Harr, as president of the Dean Harr & Company, a corporation, as second party, and John Kuhlman and his associates, the named defendants, as first parties. Hereafter, we refer to the parties to the contract as they appeared in the trial court.

The Journal Entry of Judgment recites that the trial judge finds the issues generally against the plaintiff on its petition and generally in favor of the defendants on their answer and cross-petition, and that the contract of March 13, 1950, by and between the parties is terminated, set aside and cancelled; that defendants' separate title to the land described in the contract be quieted in them as their interests appear of record.

█ The suit or action being purely of equitable cognizance, the general findings and judgment of the trial court are not to be disturbed in the absence of a showing that the findings and judgment are against the clear weight of the evidence. Payne v. Wade, Ex'x, 190 Okl. 222, 122 P.2d 144; Miles v. Sparks, Okl., 262 P.2d 430.

The contract recites that defendants are the separate owners of approximately 55 acres of land located in the Southeast Quarter of Section 9, Township 11 North, Range 2 West, in Oklahoma City, Oklahoma, which they desire to plat into building sites and have erected upon said land residences and commercial buildings.

Plaintiff agreed to plat the addition (approximately 55 acres) into lots and blocks as provided by the zoning board and to survey and plat tracts of not less than five acres at one time, and improve same by providing necessary utilities service and necessary grading of streets.

Defendants were obligated, at plaintiff's request, to execute and deliver warranty deeds conveying each building site to plaintiff or to grantee designated by him on payment of $500 per lot, or the sum of $2,-000 per acre. The deeds to convey mer-

---

Sam S. Gill, Oklahoma City, for plaintiff in error.

Twyford, Smith & Crowe, Oklahoma City, for defendants in error.

O'NEAL, Justice.

This is a suit in which Dean Harr & Company, a corporation, sought a decree

chantable titles, with the exception of certain mineral rights reserved.

Plaintiff was obligated to perform all of its contractual obligations at its own expense and hold defendants harmless from any lien, claim, suit, attorney fees or costs arising by virtue of the improvements to be made under the contract.

Plaintiff agreed to purchase one building site on one of the tracts of said land within sixty days from the date of the contract, and within one year thereafter to pay each defendant, separately and individually, the sum of $5,000 so that each defendant so entering into the sale of said lands shall receive $5,000 for the purchase by plaintiff of 2½ acres of the land or 10 building sites on designated tracts of land.

Plaintiff agreed that during the second year after the first sale and purchase is consummated, that it would purchase fifteen additional building sites and would purchase the balance of the land described during the third year period of the contract.

Defendants agreed to furnish one abstract covering the separate described tracts showing merchantable title in individual defendants' tracts, and agreed not to sell any portion of the land separately owned to others than plaintiff during the three year period of the agreement.

The contract provided that each defendant acted separately and individually as to his separate tract, and not as a partnership; that breach by plaintiff shall operate as a termination of the contract as to the land not purchased by it; that no extension of time granted by one or more of defendants shall operate to extend the time of payment of any sum due as to other owners of the separate tracts described.

Section 22 of the contract provided that breach by plaintiff shall operate as a termination of the contract as to land not purchased, and at the election of defendants they may declare the contract at an end and take possession of the unplatted and unimproved lands.

Section 30 of the agreement provides that time is of the essence of the contract.

Plaintiff pleaded its compliance with the terms of the contract and its willingness to perform and carry out all of the terms and conditions thereof; that any failure to timely comply therewith was occasioned by defendants' breach in neglecting to furnish plaintiff with abstract disclosing merchantable title to the lands described.

Plaintiff further pleaded that each defendant orally agreed to an extension of time in which to perform plaintiff's contractual obligations of the contract. Plaintiff seeks specific performance of the agreement or, in the alternative, damages for its alleged breach by defendants.

By way of answer, defendants pleaded that no oral agreement was entered into by any of them extending, modifying or changing the terms or conditions of the contract. Further, that plaintiff is not entitled to a decree of specific performance, as any delay in furnishing abstract of title was specifically and voluntarily waived by plaintiff.

By way of cross-petition, defendants alleged breach of the contract in the following respects: (a) that plaintiff failed to pay bills incurred for the surveying and platting of the land and costs and attorneys' fees in defending an action entitled, "Ed Hill v. Pauline Kuhlman, Dean Harr and Company, a corporation" as it was obligated to do under the agreement; (b) that plaintiff breached the contract in neglecting to pay increased taxes after the land was platted, or failed to contest the assessment of such increased taxes, or to hold defendants harmless in costs and attorneys' fees in defending such assessments; (c) that plaintiff breached the contract in failing to pay each defendant within one year from the date of the first purchase of land, the sum of $5,000 as provided in the agreement; (d) that plaintiff has not performed his obligations under the contract by erecting buildings on the land or improved the same; and (e) that under sections 22 and 30 of the agreement, plaintiff has failed and neglected to perform its obligations within the time and manner as therein provided.

We find substantial evidence supporting the court's general finding that any delay in filing or completing the suit to quiet title was occasioned solely at plaintiff's request. The record discloses that defendants furnished plaintiff an abstract of title in April, 1950; that at plaintiff's request, defendants prepared a suit to quiet title to the lands here involved. When this petition was submitted to plaintiff's president for his approval he requested that the filing of the action be postponed as its present filing might embarrass plaintiff in certain negotiations then pending with a prospective purchaser of building sites in the addition. The suit to quiet title was subsequently filed by defendants and its title quieted in them.

We find that the judgment below is supported by the court's general finding that plaintiff breached the contract in failing to hold defendants harmless in costs and attorney fees in defending an action brought against plaintiff and Pauline Kuhlman by a surveyor for his services in platting and surveying the land.

The evidence discloses that plaintiff neglected to protest the increased assessment of taxes or pay the same, when levied, as provided in the agreement. Plaintiff's testimony on this issue discloses the following questions and answers:

"Q. Now, did you pay any of these costs of attorney's fees in the litigation there where Ed Hill was suing over this platting of the addition? A. No, sir.

"Q. You knew you were obligated to pay that, didn't you? A. Yes, sir.

"Q. Why didn't you pay it? A. Well, I was working, paying my expenses, trying to get something done and I didn't have the money.

"Q. You just didn't have the money, just to tell the truth about it? A. Yes, sir.

"Q. Now, were there any other obligations you were required under the contract to pay? You were required under the contract to pay any increase in taxes for that planning business? A. That is right.

"Q. Did you ever pay any of those taxes? A. I don't know that the taxes were ever increased.

"Q. Did you ever pay any? A. No, sir."

The evidence wholly fails to support plaintiff's contention that defendants orally agreed to grant an extension of time in which to perform their covenants under the contract. Plaintiff admits that its sales and purchases during the first yearly period of the agreement amounted only to the sum of $13,500, and that its obligation to the six defendants amounted to the sum of $30,000, and that its request for an extension of time was made to enable it to meet its obligation and thereby to avoid a forfeiture of the agreement. The court's general finding that the defendants refused to grant plaintiff an extension of time is supported by the great weight of the evidence.

We are of the view and so hold that the weight of the evidence sustains defendants' contention that plaintiff failed and neglected to perform the material covenants and obligations imposed upon it in the manner and at the time provided in the agreement. Therefore, specific performance of the contract was properly denied. Craig v. Chisholm, 183 Okl. 398, 82 P.2d 986; Bertrand v. Appleby, 135 Okl. 237, 275 P. 341.

Plaintiff's claim for damages in the event specific performance of the contract is denied, is without merit. The general findings for defendants forecloses plaintiff's claim for damages. Moreover, the record discloses that plaintiff made a profit of $22,800 prior to its cancellation by the decree of the trial court.

Finding no substantial error in the record the judgment of the trial court is affirmed.

HALLEY, C. J., JOHNSON, V. C. J., and CORN, WILLIAMS and BLACKBIRD, JJ., concur.

ARNOLD, J., concurs in conclusion.